No. 35,175

HERBERT N. PARKS, *Appellant,* v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee.*

(117 P. 2d 586)

Opinion filed October 11, 1941.

*Herbert N. Parks* pro se.

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a habeas corpus proceeding. The petitioner, an inmate of the state penitentiary at Lansing, filed his application for a writ of habeas corpus in the district court of Leavenworth county, where a hearing was had January 17, 1941, and the petition denied. The petitioner promptly appealed from that order, which appeal was filed in this court on January 21. On January 27, 1941, the petitioner filed in this court an original petition for habeas corpus. Since this raises all the questions to be considered, the appeal may be dismissed without prejudice and consideration given to the petition filed as an original proceeding in this court. A response has been filed by the warden. The court waived its rules respecting a deposit for costs and the printing of abstracts and briefs. Manuscript abstracts and briefs were filed, and at our July session the case was argued orally by the petitioner in person and by an assistant attorney general, since which time supplemental briefs have been filed by permission of the court. All the pleadings, arguments and briefs have been considered.

From the documents filed and from the oral argument it appears there is very little controversy respecting the facts, which may be summarized as follows: On March 28, 1930, the petitioner bought a small amount of goods from a merchant in Atchison and presented in payment therefor what purported to be a traveler's check for $20 on the American Travelers Association, guaranteed by the Beacon Trust Company of Boston. The merchant accepted the check, paying in cash the difference between the goods purchased and the face of the check. On taking the check to the bank it was discovered to be a forgery. A warrant charging petitioner with forgery of the check was duly issued out of the city court of Atchison, upon which defendant was arrested and brought into that court on April 4, where he waived a preliminary examination and was bound over to the district court. On April 5, 1930, the county attorney filed an information in the district court charging the petitioner in the first count with the forgery of the check and in the second count with having uttered it. Upon his arrest the petitioner told the officers of his having been an inmate of the state penitentiary of Colorado. On April 5, 1930, petitioner was taken into district court, whereupon the county attorney advised the court that the defendant previously

had been convicted of a felony in the state of Colorado. The court informed defendant of the nature of the charge against him and the penalty therefor; "that it was his right to have the information read to him, to have the assistance of counsel and trial by jury, and, thereupon, the court inquired of the defendant if he desired or demanded the information read to him or the assistance of counsel, to which the defendant replied in the negative and the defendant did thereupon waive the reading of the information." The defendant then entered his plea of guilty to the first count of the information, which charged forgery in the second degree (G. S. 1935, 21-608), and the county attorney dismissed the second count of the information. The court, upon defendant's plea, found him guilty of the offense first charged in the information; also found, from the statements of defendant made in open court, that he previously had been convicted of a felony, the punishment of which was by confinement in the state penitentiary of the state of Colorado, and inquired of defendant if he had any just cause or legal excuse to show why the judgment and sentence of the court should not be pronounced upon him; to which defendant replied that he had none. Whereupon the court adjudged and ordered:

"That the defendant be taken from the bar of this court to the county jail and from thence to the penitentiary of this state located at Lansing, Kansas, there to be confined at hard labor for a term of not to exceed twenty years for the offense of forgery in the second degree as charged in the first count of the information and until released according to law, and that he pay the costs of this action. . . ."

This sentence was double that provided by statute (G. S. 1935, 21-631) for forgery in the second degree, the increased penalty being authorized by G. S. 1935, 21-107a, because of his one prior conviction of a felony.

On the 8th day of April, 1930, which was one of the days of the same term of the district court, defendant, having been in the county jail since the judgment and sentence of the court was pronounced upon him on the 5th of April, was again brought into court. The journal of the court as to what then transpired reads:

"Thereupon, the defendant being summoned before the bar of the court, the court finds from the statements of the defendant made in open court and from other competent evidence that he has been four times heretofore convicted of a felony, punishment of which was by confinement in the penitentiary, the places of confinement being, first, from the United States District Court to the United States Penitentiary at Deer Lodge, Montana, for an of-

fense committed within the state of Montana; second, from the United States District Court to the United States Penitentiary at Leavenworth, Kansas, for an offense committed in Nebraska; third, from the district court of Reno county, Kansas, to the state penitentiary of the state of Kansas; fourth, a conviction in the state of Colorado and confinement in the state penitentiary in the state of Colorado. The court further finds that the judgment and sentence of the court heretofore pronounced upon him herein should be set aside and vacated.

"It is therefore, by the court, ordered and adjudged, that the judgment and sentence of the court heretofore pronounced upon the defendant herein on the 5th day of April, 1930, be and the same is hereby set aside and vacated. Thereupon the court inquires of the defendant if he had any just cause or legal excuse to show why the judgment and sentence of the court should not be pronounced upon him, to which the defendant replied that he had none and none appeared or was alleged to the court.

"It is therefore, by the court, ordered and adjudged, that the defendant be taken from the bar of this court to the county jail and from thence to the state penitentiary of this state there to be confined during his life, and that he pay the costs of this action. . . ."

On the same day, April 8, 1930, a commitment to the penitentiary was signed by the judge of the court reciting the pertinent provisions of the judgment and the sentence as shown by the journal entry of that date. Thereafter the petitioner was taken to the state penitentiary at Lansing, where he since has been confined.

In this court appellant first complains of the trial court's "denial and failure to appoint counsel and refusal of necessary time to prepare case for defense." The statute then in force (G. S. 1935, 62-1304, since amended by Laws 1941, ch. 291) required the court in a felony case where accused was without counsel "to assign him counsel at his request." The record shows the court advised him of his right to counsel and that he refused to take advantage of it, and that he "replied in the negative." Certainly there is nothing to indicate that he requested counsel; neither is there anything to indicate that he desired time to prepare his defense. In fact, the record as a whole tends to show that on April 5 he was very anxious to have the matter disposed of promptly.

It is next contended that the court received unsworn, hearsay testimony upon which to base the judgment of conviction. Since he pleaded guilty there was no necessity of any evidence upon which to base a judgment of conviction; hence, this point has no merit.

Appellant next contends that having rendered a valid judgment and sentence on April 5 the court had no power or authority to

render another judgment with a more severe sentence on April 8. This point is meritorious. Our pertinent statute (G. S. 1935, 62-1518) reads:

"Where any convict shall be sentenced to any punishment the clerk of the court in which sentence was passed shall forthwith deliver a certified copy thereof to the sheriff of the county, who shall without delay, either in person or by a general or usual deputy, cause such convict to receive the punishment to which he was sentenced."

Another pertinent section of our statute (G. S. 1935, 62-1516, since amended by Laws 1941, ch. 291) reads:

"Whenever judgment upon a conviction shall be rendered in any court, the clerk of such court shall enter such judgment fully on the minutes, stating briefly the offense for which such conviction shall have been had, and the court shall inspect such entries and conform them to the facts; but the omission of this duty either by the clerk or judge shall in no wise affect or impair the validity of the judgment."

Under these statutes the judgment was effective from the date it was entered, April 5, and the failure of the clerk to have it entered upon his records until April 8, as the record in this case tends to show, did not impair its effectiveness.

While, generally speaking, a court has jurisdiction to set aside or modify its judgments within the term of court at which they are rendered that rule does not authorize a court to set aside a valid judgment in a criminal case which has been executed wholly or in part. In 15 Am. Jur. 128, the rule is thus stated:

"It seems to have been recognized as one of the earliest doctrines of the common law that the record of a court may be changed or amended at any time during the same term of the court in which a judgment is rendered. That this power has been often exercised by the courts in England is manifest from cases in which it appears that judgments and sentences, during the same term in which they have been entered, have been vacated and others substituted without doubt or question. This rule of the common law is substantially in force at the present time in this country, so that during the same term of court at which a sentence is imposed and before the defendant has begun serving such sentence, the trial judge may modify it either in form or substance. He cannot, however, set aside a sentence and impose a new or different sentence increasing the punishment after the defendant has entered upon the execution of a legal sentence. The power cannot be so used as to violate the common-law and constitutional right that no man shall be twice punished by judicial judgments for the same offense."

In 8 R. C. L. 245, it is said:

"The rule seems to be well established that the trial court is without power to set aside a criminal judgment after it has been partly satisfied by the de-

fendant, and impose a new or different judgment increasing the punishment, even at the same term of court at which the original judgment was imposed."

In 24 C. J. S. 118, it is said:

"*In a jurisdiction where the term system is not in vogue,* it has been held that the court has power to revise or to modify its judgment at any time before it becomes final and before any part of the original sentence has been performed, but after a court has rendered such a final judgment as it intends to render, it cannot change or modify it except where relief is secured by a motion for a new trial or by a resort to an appellate court. In another jurisdiction where the term system has been abolished, it is the rule that if the sentence pronounced has not been entered by the clerk in his minutes, and no legal restraint has been imposed on accused by reason of said sentence, then it is not improper for the court to change the sentence originally pronounced, but if the sentence pronounced has been entered in the minutes of the court, or if the execution of the sentence has begun, see infra § 1589, the court is without jurisdiction to vacate, add to, or in any manner modify the sentence originally pronounced."

In 16 C. J. 1314, it is said:

"As a general rule, where defendant has executed or entered upon the execution of a valid sentence, the court cannot, even during the term at which the sentence was rendered, set it aside and render a new sentence."

In an annotation upon "Power to amend commitment or sentence by increasing punishment," 40 L. R. A., n. s., 90, it is said:

"The rule adopted with practical unanimity by the courts is that a court may alter its sentence by increasing the punishment during the same term, before any part of the sentence has been put into effect, but that it has no such power either after the term at which the sentence was rendered or after any part of the sentence has been carried out."

Many authorities are cited in support of above texts. Our own cases are in harmony. See *Hollon v. Hopkins,* 21 Kan. 638; *State v. Hughes,* 35 Kan. 626, 12 Pac. 28; *In re Strickler, Petitioner,* 51 Kan. 700, 33 Pac. 620; *Jackson v. State,* 52 Kan. 249, 252, 34 Pac. 744; *In re Beck,* 63 Kan. 57, 64 Pac. 971; *In re Rex,* 70 Kan. 221, 78 Pac. 404; *State v. Meyer,* 86 Kan. 793, 122 Pac. 101; *State v. McBee,* 10 Kan. App. 450.

Under our statutes and the authorities above referred to the sentence imposed on April 5 was a valid sentence for the offense of forgery in the second degree, increased by evidence that the defendant had on one previous occasion been convicted of a felony. The sentence was that defendant be taken to the jail and thence to the penitentiary. The sentence was effective when rendered, even though the entry of it was not made on the journal until three days later.

The sheriff had no other authority than this sentence to hold the defendant after the sentence was pronounced. He could have taken him to the penitentiary forthwith, as the statute required. The fact that he was held in jail three days was not at the request of defendant. The record does not disclose that he had filed any motion or other request for a stay of his sentence, or that he had taken any legal steps to effect a stay. No contention is made that he did any of these things. Whether he was taken to the penitentiary the same day he was sentenced, or three days or three weeks later, was something over which he had no control. Since under our statute his sentence was effective the day it was rendered he had served three days of that time when the court made the order setting the sentence aside. This was not done because of any invalidity of the former sentence, but apparently because in the meantime additional evidence had been found which, if it had been presented to the court on April 5, would have justified a heavier sentence, although the court would not have been required to impose it. (See *In re Skinner*, 136 Kan. 879, 18 P. 2d 154.)

Cases cited on behalf of respondent may be readily distinguished.

In *Bradford v. The People*, 22 Colo. 157, 43 Pac. 1013, the court recognized the general rule to be as above stated, but was unable to apply it because of a state statute (Mills Annotated Statutes, § 3459) which provided that the term of one sentenced to the penitentiary shall be computed from and including the day on which he is received into the penitentiary. We have no such statute in this state. In *Lee v. The State*, 32 Oh. St. 113, upon defendant's plea of guilty to a misdemeanor, the court sentenced him to pay a fine of $10 and costs and to stand committed until the fine and costs were paid, but no steps were taken to carry the sentence into execution. Three days later the court set aside the sentence because of a misapprehension of the facts and imposed a more severe sentence. The authority of the court to do so was sustained. In *Ex parte Duckett*, 15 S. C. 210, the delay in carrying the sentence into effect was occasioned by an appeal undertaken by defendant. There was nothing of that kind in this case. We have examined all the authorities cited on behalf of respondent and find nothing in them which requires a holding different from the conclusion we have reached. Neither is it deemed necessary further to analyze them.

The result is that the judgment and sentence attempted to be imposed upon the petitioner on April 8 was unauthorized and is void.

This holding, however, does not require that the defendant be discharged from the custody of the respondent. The sentence imposed on April 5, being a valid sentence, still stands, and since the maximum time of that sentence has not expired the petitioner should be remanded to respondent to be held or otherwise dealt with in harmony with the sentence of the court pronounced upon him on April 5, 1930. It is so ordered.