No. 35,646

In the Matter of the Application of LESLIE OLLER, *Petitioner*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Respondent*.

(127 P. 2d 475)

Opinion filed July 11, 1942.

*Robert E. Russell,* of Topeka, argued the cause for the petitioner.

*Jay Kyle,* assistant attorney general, argued the cause, and *Jay S. Parker,* attorney general, was on the briefs for the respondent.

The opinion of the court was delivered by

SMITH, J.: This is a petition for a writ of habeas corpus.

The petitioner was sentenced on December 11, 1940, to be confined for a period of not less than one, nor more than three years, in the penitentiary at Lansing. He has served his minimum and was denied parole by the board of administration. With the usual allowance for good behavior he would be entitled to his release sometime in February, 1943. He advances several reasons why he should be given his release on a writ of habeas corpus at this time.

The petitioner is confined in the penitentiary and requested that

he be given counsel for the presentation of this petition. Accordingly this court assigned Mr. Robert E. Russell, a reputable and able member of the Shawnee county bar, to represent him. Mr. Russell examined the application and brief of the petitioner which had been prepared by the petitioner himself, prepared and presented a brief and argued the case orally. He asks that the release of the petitioner be granted on the face of the record. The crime for which the petitioner was sentenced is denounced in G. S. 1935, 21-735a. That section was enacted by the legislature in 1927. It was enacted as a result of a policy which had just been put into effect wherein the county commissioners were directed to work prisoners who had been sentenced to county jails for misdemeanors. See G. S. 1935, 62-2101 and 62-2109.

All parties concede that the petitioner in this case had been sentenced to serve in the county jail a term, having been found guilty of vagrancy. It seems he left the place where he was assigned to work and was later apprehended. He was charged with violation of G. S. 1935, 21-735a. That section provides as follows:

"That any person confined in the county jail upon conviction for any criminal offense and who shall be compelled to work on any street, public highway, poor farm or public works under the direction of the board of county commissioners as provided by law, and who shall escape or attempt to escape from the place of such employment or in going to and from such employment, whether under guard or not, shall upon conviction of such escape or attempted escape be punished by confinement at hard labor not exceeding three years, or in a county jail not less than six months, to commence at the expiration of the original term of imprisonment."

He pleaded guilty and was sentenced to serve a term of from one to three years in the penitentiary.

His first contention is that he should be allowed his freedom because he was not allowed to have counsel when he pleaded guilty.

His counsel has attached the journal entry of judgment to his brief. This journal entry shows that he was asked by the district court whether he had any legal cause to show why judgment and sentence of the court should not be pronounced against him and that no sufficient cause was alleged by the defendant, the petitioner here. The right of counsel may be waived as many other rights. See *Fairce v. Amrine,* 154 Kan. 618, 121 P. 2d 256; also, *Loftis v. Amrine,* 152 Kan. 464, 105 P. 2d 890.

The journal entry shows that the accused was accorded the right

to ask for counsel. Since he did not take advantage of that opportunity he waived it.

The petitioner's next point is that he is charged with two offenses in the information. The information is in the following language:

"Did then and there unlawfully, willfully and feloniously escape and flee from such place of employment and custody."

He argues that the above language in the information states a violation of G. S. 1935, 21-735, which makes it a crime to escape from jail, as well as G. S. 1935, 21-735a, which makes it a crime for one who has been assigned to work to escape or attempt to escape such employment.

We find it difficult to see that the above language charges the commission of two offenses. Furthermore, the punishment for violation of each of the above statutes is the same and that the petitioner received only one sentence, that is, for not less than one, nor more than three years confinement in the penitentiary. The punishment to which the petitioner was subjected is the criterion as to whether the defendant was prejudiced by lack of definiteness. In this information we are unable to find any prejudice.

An interesting point about this case is that neither the petitioner nor his counsel deny that the petitioner did leave the place where he was put at work.

The petition for a writ is denied.