No. 36,768

HAROLD LAYMAN, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(176 P. 2d 527)

Opinion filed January 31, 1947.

*Ernest N. Yarnevich*, of Kansas City, argued the cause and was on the briefs for the petitioner.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *A. B. Mitchell*, attorney general, and *Leon W. Lundblade*, assistant attorney general, were with him on the briefs, for the respondent.

The opinion of the court was delivered by

BURCH, J.: In this habeas corpus case counsel for the petitioner and for the respondent agree upon the following facts which the record discloses. On June 16, 1934, the petitioner appeared in court after his plea of guilty to the offense of grand larceny and was sentenced to be confined in the state penitentiary at Lansing, at hard labor for a period of not less than five and not more than fifteen years and to pay the costs of his prosecution. There is no controversy about the validity of that judgment. The petitioner was not taken to the penitentiary forthwith, but was taken to the county jail and while there was guilty of malicious destruction of property consisting in part of the breaking of all the windows in

the jail. The county attorney, on the date of the original sentence, to wit, June 16, 1934, had known that the petitioner had been convicted of a felony theretofore but had not at such time advised the court relative thereto. After the misconduct in the jail occurred the county attorney caused the defendant to be brought again before the court on June 18, 1934, which was during the same term of court, and on such occasion, for the first time advised the court of the prisoner's former conviction and of the petitioner's conduct while he was confined in jail. As a consequence thereof, the original sentence of June 16, 1934, was set aside and revoked and the petitioner was sentenced for a term of not less than ten nor more than thirty years and to pay the costs of his prosecution. The petitioner contends that the second sentence was unlawful and void. Counsel associated with the office of the former attorney general, A. B. Mitchell, after making a full investigation of the facts in the case, conclude in their brief as follows: ". . . the sentence rendered by the district court on June 18, 1934, is null and void and we feel further that it is incumbent upon the state in a case wherein it finds that the facts and the law are in favor of the petitioner in writ of habeas corpus, to be frank with this court and admit it."

Not only is there no dispute about the facts in the present case but also there is no dispute about the law which is applicable and controlling. The identical problem presented was passed upon by this court in the case of *Parks v. Amrine*, 154 Kan. 168, 117 P. 2d 586. In the cited case the question before us was discussed at length in the opinion by Mr. Justice Harvey, now Chief Justice. The third paragraph of the syllabus thereof reads as follows:

"Defendant pleaded guilty to a charge of forgery in the second degree, for which our statute provides a punishment in the penitentiary of from one to ten years. Because of evidence of one prior conviction of a felony the sentence was doubled, the judgment being that defendant be taken from the bar of the court to the county jail and thence to the penitentiary to serve the sentence. Three days later defendant, still being held in the county jail through no request or fault of his own, was again taken into court, additional evidence of his prior conviction was heard, the former sentence set aside, and he was sentenced to life imprisonment. *Held*, the later sentence was unauthorized and is void, and the sentence first imposed remains in force."

The second sentence imposed upon the petitioner is void. We note again, however, that the first sentence is valid and that the maximum period provided for therein, to wit: "nor more than

fifteen years" will not expire until June, 1949. This court is not concerned with whether the petitioner is entitled to parole at this time.. Our holding alone does not require that the petitioner be discharged forthwith from the custody of the respondent. The sentence imposed June 16, being a valid sentence, must stand and the writ must be denied. The petitioner must remain in the custody of the respondent until otherwise dealt with in compliance with the sentence of the trial court on June 16, 1934. He cannot be held, however, pursuant to the sentence of June 18, 1934. It is so ordered.