No. 43,975

Anthony A. Veronee, *Appellant*, v. State of Kansas, *Appellee.*

(396 P. 2d 360)

Opinion filed November 7, 1964.

*Keith G. Sebelius* of Norton, argued the cause and was on the brief for the appellant.

*Richard H. Seaton,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, and *George P. Nellans,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This appeal arises out of an action filed under the provisions of Sec. 60-1507 of the new code of civil procedure (Chapter 303, Laws of 1963), whereby plaintiff, presently confined in the state penitentiary, sought to vacate and set aside an alleged void sentence.

Relief was denied by the trial court and plaintiff has appealed.

In order that there be no confusion as to identity this statement should be made. The plaintiff in this action under 60-1507, above, and who is the appellant here, was the defendant in the criminal prosecution out of which this action arises. For convenience, hereafter he will be referred to as defendant.

The facts are not in dispute.

On January 19, 1961, in the district court of Norton county, defendant being represented by court appointed counsel, pleaded guilty to two counts of burglary in the second degree (G. S. 1959 Supp., 21-520). On each count he was sentenced to confinement in the Kansas State Industrial Reformatory at Hutchinson for a term of not less than five years (G. S. 1949, 21-523), the sentences to run *concurrently*.

A few days later, while awaiting transfer to the reformatory, defendant escaped from the Norton county jail. Shortly thereafter he was apprehended.

On January 27, 1961, defendant was again brought before the court. His court appointed counsel was present. The court, on its own motion, found that the sentences imposed on January 19, 1961, should be modified under the provisions of G. S. 1959 Supp., 62-2239. Accordingly, the court ordered that the sentences should run *consecutively* and that confinement should be in the state penitentiary rather than in the state reformatory. Defendant was taken to the state penitentiary, and as previously stated, is still confined.

In February, 1964, defendant filed the instant proceeding in the district court of Norton county under Sec. 60-1507 of the new code of civil procedure, seeking to vacate and set aside the sentences of January 27, 1961, which modified—by increasing—the earlier sentences of January 19, 1961.

On March 19, 1964, the matter came on for hearing. The court held that under the provisions of G. S. 1959 Supp., 62-2239, the modification of defendant's previous sentences—being made within sixty days—was proper, and that the files of the criminal prosecution showed conclusively that he was entitled to no relief.

From that order defendant has appealed.

The pertinent portion of 62-2239 above, relating to modification of a sentence, reads:

"The court may modify a sentence within sixty (60) days after it is imposed. The court may reduce a minimum term of imprisonment at any time before the expiration thereof upon the recommendation of the board and when the

court is satisfied that the best interests of the public will not be jeopardized and that the welfare of the prisoner will be served by such reduction. Such recommendation and order of reduction shall be made in open court."

Defendant contends the word "modify" in the statute—when considered with other portions of the same section—is to be construed as meaning that a sentencing court is empowered to reduce a sentence—but that it cannot increase one—and therefore the sentences imposed on January 27, 1961, which provided that the sentences of January 19, 1961 should be served consecutively—were void.

The state, on the other hand, contends that even under defendant's theory he is not, under the rules and regulations of the state board of pardon and parole, at the present time eligible for a conditional release; that a prisoner serving an excessive sentence is not eligible for release until after he has served the valid portion of that sentence; that defendant is not entitled to attack the consecutive sentences of January 27, 1961, until after he is eligible to conditional release under the concurrent sentences, and therefore he has no valid ground to claim "the right to be released" under the provisions of Sec. 60-1507, above.

We agree with the defendant's construction of the word "modify," as used in 62-2239, above. Under that statute the court is empowered to reduce a sentence—but cannot increase it.

What disposition, therefore, should be made of this case?

The answer is found in *Layman v. Hudspeth*, 162 Kan. 445, 176 P. 2d 527 (1947), which was an original proceeding in habeas corpus.

In that case the petitioner pleaded guilty to the offense of grand larceny and on June 16, 1934, was sentenced to confinement in the state penitentiary for a period of not less than five nor more than fifteen years. There was no controversy about the validity of that judgment. While confined in the county jail awaiting transportation to the penitentiary petitioner was guilty of malicious destruction of property consisting in part of the breaking of all the windows in the jail. The county attorney, on the date of sentence, had known that petitioner previously had been convicted of a felony but had not advised the court of the fact. After the misconduct in the county jail the county attorney caused petitioner to be brought before the court on June 18, 1934, and, on such occasion, for the first time advised the court of petitioner's former conviction and of his conduct while confined in jail. As a consequence thereof, the original sen-

tence of June 16, 1934 was set aside and revoked and petitioner was sentenced to a term of not less than ten nor more than thirty years, pursuant to the habitual criminal statute. He later brought an action for release of habeas corpus, contending that the second sentence was unlawful and void.

In disposing of the question this court followed *Parks v. Amrine*, 154 Kan. 168, 117 P. 2d 586, and said:

"The second sentence imposed upon the petitioner is void. We note again, however, that the first sentence is valid and that the maximum period provided for therein, to wit: 'nor more than fifteen years' will not expire until June, 1949. This court is not concerned with whether the petitioner is entitled to parole at this time. Our holding alone does not require that the petitioner be discharged forthwith from the custody of the respondent. The sentence imposed June 16, being a valid sentence, must stand and the writ must be denied. The petitioner must remain in the custody of the respondent until otherwise dealt with in compliance with the sentence of the trial court on June 16, 1934. He cannot be held, however, pursuant to the sentence of June 18, 1934. It is so ordered." (pp. 446, 447.)

Application of the foregoing rule to the case before us—means simply this:

The consecutive sentences of January 27, 1961, were void. The concurrent sentences of January 19, 1961, were valid. We are not concerned with whether defendant is entitled to parole at this time. He must remain in custody until otherwise dealt with in compliance with the concurrent sentences of January 19, 1961. He cannot be held, however, pursuant to the consecutive sentences of January 27, 1961.

It follows, therefore, that the judgment of March 19, 1964, which held that defendant was entitled to no relief must be and is hereby reversed with directions to enter judgment not inconsistent with the views expressed herein.