No. 44,666

STATE OF KANSAS, *Appellee,* v. LARRY J. DEARMAN, *Appellant.*

(430 P. 2d 285)

Opinion filed July 12, 1967.

*Larry Kirby,* of Wichita, argued the cause, and *Russell Shultz,* also of Wichita, was with him on the brief for the appellant.

*A. J. Focht,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: The question presented by this appeal is whether a defendant who has been convicted of a felony and sentenced to the Kansas State Penitentiary, and escapes from the county jail pending his transfer to the penitentiary, can be charged with violating K. S. A. 21-732.

The foregoing statute provides:

"If any person confined in a place of confinement for any term less than for life, *or in lawful custody going to the place of confinement,* shall break such prison or custody and escape therefrom, he shall upon conviction be punished by confinement and hard labor for a term not exceeding five years, to commence at the expiration of the original term of imprisonment." (Emphasis added.)

The record shows that on the 3rd day of May, 1965, the appellant was sentenced for a term of twenty to forty-two years in the Kansas State Penitentiary upon conviction of first degree robbery, contrary to K. S. A. 21-527. He was sentenced in accordance with K. S. A. 21-530 and K. S. A. 21-107a.

The journal entry and conveyance papers were filed with the clerk of the district court of Sedgwick County, Kansas, on the 21st day of May, 1965. The journal entry in pertinent part reads:

"IT IS THE SENTENCE OF THIS COURT AND IT IS HEREBY CONSIDERED, ORDERED,

ADJUDGED AND DECREED that the said defendant, Larry J. Dearman, be taken to the Jail of Sedgwick County, Kansas and thence by the Sheriff of said County to the Kansas State Penitentiary at Lansing, Kansas, there to be confined for a period of not less than twenty (20) years nor more than forty-two (42) years on the charge of First Degree Robbery, contrary to K. S. A. 21-527 and in accordance with K. S. A. 21-530 and K. S. A. 21-107a and that he pay the costs of this action."

On the 28th day of May, 1965, the appellant was incarcerated in the Sedgwick County bastille and escaped from the custody of the sheriff who was in charge and who at that time had in his possession the conveyance and commitment papers directing him to take the appellant to the state penitentiary at Lansing, Kansas, on the _____ day of May, 1965, signed by the district judge who tried the case.

The appellant had not been released from custody by any order of a court or through any order of the office of the sheriff of Sedgwick County, Kansas, and following his capture he was taken to the Kansas State Penitentiary to abide by the sentence of the court.

The appellant was charged in an information with violation of K. S. A. 21-732, and upon being convicted by a jury was sentenced to one to five years in the Kansas State Penitentiary, said sentence to run consecutively to the sentence given in the first degree robbery case.

It is the appellant's contention that 21-732, *supra,* when it speaks of "in lawful custody going to the place of confinement," means that an escape must be made while the defendant is in movement or is actually being transported to the place of confinement, *i. e.,* a car, an automobile, or some type of conveyance. The appellant argues he must have first left the Sedgwick County jail. In support of this argument he cites K. S. A. 21-735, as applicable, which states in the first sentence, "If any person confined in any county jail upon conviction for any criminal offense," shall break such prison or custody, etc. He argues this section of the statute is for any and all criminal offenses under which a defendant may be confined at that time in the county jail.

We fail to see merit in the appellant's argument.

To determine which of the various statutes relating to escape is applicable to the situation at hand, consideration of each of the sections is required. K. S. A. 21-732, 21-733, 21-734 and 21-737 all relate to the confinement of a person "for any term less than for life." In 21-733, *supra,* specific reference is made to confinement in the penitentiary, while in both 21-734, *supra,* and 21-737, *supra,*

at hard labor is specifically mentioned in connection with the confinement. Clearly, the confinement mentioned in each of these sections has reference to sentence resulting from a felony conviction. A study of the severity of the sentence prescribed for a violation of each of these sections also discloses they relate to felony convictions.

On the other hand K. S. A. 21-735 and 21-735a specifically make reference to "any person confined in the county jail upon conviction for any criminal offense." These sections relate to confinement in the county jail upon conviction for criminal offenses which authorize sentence to the county jail, for which the term of imprisonment is one year or less. The sentence imposed for a violation of these sections also indicates an intention of the legislature to make them applicable only to offenses of this nature, the sentence being less severe. (See, *Oller v. Amrine*, 155 Kan. 703, 127 P. 2d 475.)

The appellant cites *Wiles v. Board of Probation & Parole*, 191 Kan. 705, 383 P. 2d 969, where an escaped prisoner, under facts similar to those here, was prosecuted under 21-735, *supra*. The point here in question was not raised in that habeas corpus proceeding, and it cannot be relied upon by the appellant for support.

Turning now specifically to 21-732, *supra*, it is applicable when a prisoner has reached his destination of confinement as ordered by the court, be it the reformatory, the women's industrial farm or the Kansas State Penitentiary for men. It is also applicable when the prisoner is going to such place of confinement, under the sentence of the court. It covers a prisoner who has received a sentence for a term of years less than life at a penal institution, and is in the process of being taken to that institution.

It has been held that a sentence begins to run in a felony case when the custody of the defendant is delivered to the sheriff. In *State v. Nichols*, 167 Kan. 565, 207 P. 2d 469, this court stated:

". . . Normally, after sentence is imposed, the district court has nothing further to do with respect to the defendant. It is the duty of the sheriff to carry out the order of the court and transfer defendant to the state penitentiary. In this case, no doubt the sheriff was awaiting the copy of the journal of the court required by the section last mentioned. It is well settled by our decisions (*Parks v. Amrine*, 154 Kan. 168, 117 P. 2d 586; *State v. Carte*, 157 Kan. 139, 138 P. 2d 429; *Layman v. Hudspeth*, 162 Kan. 445, 176 P. 2d 527) that defendant commenced the serving of his sentence on January 14, the day he was sentenced and taken into the custody of the sheriff. . . ." (pp. 572, 573.)

K. S. A. 62-1518 states:

"Where any convict shall be sentenced to any punishment the clerk of the

court in which sentence was passed shall forthwith deliver a certified copy thereof to the sheriff of the county, who shall without delay, either in person or by a general or usual deputy, cause such convict to receive the punishment to which he was sentenced."

The foregoing section makes it incumbent upon the sheriff to carry out the order of the court without delay.

In the instant case the commitment order directed the sheriff to take the appellant to the Kansas State Penitentiary. (See, K. S. A. 76-2306 and 62-104.) The appellant had been sentenced to the Kansas State Penitentiary on a felony for a term of twenty to forty-two years. At the moment he was taken into custody by the sheriff following the sentence of the court, he commenced serving his sentence. It was then the duty of the sheriff upon receiving the proper papers to take the appellant without delay to the Kansas State Penitentiary.

It is. unnecessary to resort to the various definitions of the word "going" in the dictionary. The appellant selects one of the appropriate meanings to support his argument that it means the actual physical act of movement. The common use of the adjective form connotes an intention or state of mind. Nearly every person has heard the phrase "He's going up," or "He's going to the penitentiary." When so used, it is known that reference is to the future act of movement. Here it may be said the circumstances are such that the prisoner is known to be advancing toward a certain objective—commitment in the state penitentiary at Lansing.

We construe 21-732, *supra*, to mean that a prisoner is going to the place of confinement when he is detained and in custody after being sentenced by a court as a result of a felony conviction, inasmuch as he is already serving the sentence imposed upon him. When he breaks such custody and escapes therefrom he is properly charged under 21-732, *supra*.

We hold when the appellant was sentenced and delivered to the custody of the sheriff to be taken to the penitentiary to serve his sentence, he was in lawful custody going to the penitentiary.

The appellant next contends 21-732, *supra*, is so vague as to be unconstitutional. (Citing, *State v. Hill*, 189 Kan. 403, 369 P. 2d 365, 91 A. L. R. 2d 750.) His argument is based upon the proposition that the term "going to" does have two meanings; that under one meaning he would not be guilty, and under another construction he would be.

Alternative definitions of a given word in common usage is no ground for declaring a statute unconstitutional. Appellant cannot seriously contend that one under sentence to serve twenty to forty-two years in the penitentiary, and held in custody of the sheriff awaiting transportation, could feel free to break custody and escape under a statute which forbids one to break custody.

The judgment of the lower court is affirmed.