No. 46,106

STATE OF KANSAS, *Appellant,* v. RONALD LYON, *Appellee.*

(485 P. 2d 332)

Opinion filed May 15, 1971.

*K. Mike Kimball,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *John Elting,* were with him on the brief for the appellant.

*Harold Jones,* of Dighton, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal by the State of Kansas from an order of the district court of Lane County resentencing the defendant, Ronald Lyon, and granting him probation.

The facts are not in dispute. On November 20, 1967, the defendant, appellee herein, was convicted of a felony, *i. e.,* embezzlement by bailee, in violation of K. S. A. 21-547. On December 19, 1967, after evidence of two prior felony convictions was introduced, the defendant was sentenced to the Kansas State Penitentiary as an habitual criminal. On appeal, the judgment was affirmed in *State v. Lyon,* 203 Kan. 78, 452 P. 2d 838.

Some two years later it was discovered, apparently as an aftermath of an action filed by the defendant pursuant to K. S. A. 60-1507, that the sentence set out in the journal entry was "for a term

of not exceeding fifteen (15) years", which would have been an invalid sentence, inasmuch as the statute (K. S. A. 21-107a) prescribes a penalty of not *less* than fifteen (15) years for a third-time felony offender. After the discovery was made, the state filed a motion in the criminal case for an order *nunc pro tunc* correcting the sentence to read "for a term of not less than fifteen (15) years" (as required by the statute) to conform to the sentence which the state alleged was actually pronounced.

Both the defendant's 60-1507 action and the state's *nunc pro tunc* motion were called for hearing April 8, 1970, at which time Mr. Lyon personally appeared with court appointed counsel. On this date the presiding judge was the Honorable Maurice A. Wildgen who had succeeded Judge Bert J. Vance, the sentencing judge, as a result of judicial redistricting.

At the inception of the hearing Judge Wildgen announced he would first take up the state's motion for an order *nunc pro tunc.* Thereupon the state introduced evidence in support of its motion as follows:

1. A certified transcript of the proceedings had in open court on December 19, 1967, wherein Judge Vance sentenced the defendant to "be confined at hard labor in the Kansas State Penitentiary at Lansing, Kansas, for a term of not less than fifteen years."

2. A photostatic copy of Judge Vance's trial notes found in the trial criminal docket showing that the defendant was "Sentenced to not less than 15 years Kansas State Penitentiary at Lansing."

3. Notice of appeal filed by defendant from "the judgment rendered and made in the above entitled action on the 19th day of December, 1967, whereby it was by the District Court of Lane County, Kansas, decided, ordered and adjudged that the defendant be confined in the Kansas State Penitentiary at Lansing, Kansas, for a period of not less than 15 years."

4. The first sentence of this court's opinion in *State v. Lyon,* supra, of which the trial court took judicial notice, reading as follows:

"The defendant, Ronald Lyon, was convicted by a jury of the crime of embezzlement by a bailee in violation of K. S. A. 21-547. He was sentenced to a term of not less than fifteen years in the Kansas State Penitentiary pursuant to K. S. A. 21-107a."

At the conclusion of the foregoing evidence, defense counsel asked to place his client on the stand to testify "for the Court's benefit in resentencing [Mr. Lyon]." Lyon's subsequent testimony did not pertain to the issue raised by the state's *nunc pro tunc*

motion nor did it tend in anywise to refute the evidence supporting the state's motion.

After hearing the defendant's testimony, Judge Wildgen found the sentence pronounced on December 19, 1967, was erroneous, irregular and therefore void and could not be corrected by a *nunc pro tunc* order. Accordingly the court, on April 8, 1970, overruled the state's motion to correct the journal entry to conform to the sentence and proceeded to impose a new sentence of imprisonment against Mr. Lyon "for a term of not less than fifteen (15) years."

Nearly two months later, and on June 3, 1970, Judge Wildgen entered an order probating Mr. Lyon for a period of not less than two nor more than five years upon various terms, conditions and restrictions.

The state, as we have already intimated, took exception to the trial court's action and has brought the matter here for review. It is the state's position that a valid sentence was imposed against the defendant on December 19, 1967; that the journal entry, through clerical error, erroneously reflected a different sentence, which was invalid, and hence the journal entry was subject to correction by means of an order *nunc pro tunc;* that a valid sentence having been pronounced on December 19, 1967, the trial court no longer had jurisdiction to sentence or to resentence the defendant on April 8, 1970; and that the purported sentence, pronounced by Judge Wildgen on April 8, 1970, together with the attempted order of probation dated June 3, 1970, were void and of no legal effect.

We are inclined to agree with the state's position. The record leaves no room for doubt that the defendant was correctly sentenced by Judge Vance on December 19, 1967. The state's evidence, which was not refuted in any way, discloses that Mr. Lyon was sentenced to a term of not *less* than fifteen years, rather than to a term of not *more* than fifteen years as the journal entry sets forth.

It is a well settled principle of law that a court possesses inherent power to enter judgments, orders and decrees *nunc pro tunc* for the purpose of correcting its records, and that where a journal entry fails to reflect accurately the judgment which was actually rendered, it becomes the duty of the trial court to make it speak the truth. (See cases in 3 Hatcher's Kansas Digest [Rev. Ed.] Judgments, § 11.) The reasoning behind this general rule has been applied both to civil and to criminal actions. (*Ramsey v. Hand,* 185 Kan.

350, 360, 343 P. 2d 225; *Tafarella v. Hand,* 185 Kan. 613, 617, 347 P. 2d 356; *State v. Igo,* 194 Kan. 550, 552, 400 P. 2d 968.

Federal courts, as well as state, have come to grips with problems in this area. In *Hill v. Wampler,* 298 U. S. 460, 464, 80 L. Ed. 1283, 56 S. Ct. 760, the United States Supreme Court had this to say on the subject:

"Two of the questions certified to us . . . make mention of a variance between the commitment and the sentence 'orally pronounced.' If that were the only variance, we should deem it unimportant. The only sentence known to the law is the sentence or judgment entered upon the records of the court. [Citing cases.] If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. . . ."

See, also, *United States ex rel. Sterling v. Pate,* 403 F. 2d 425 (1968); *Accardi v. Blackwell,* 412 F. 2d 911 (1969).

The state's motion for an order *nunc pro tunc* correcting the journal entry to speak the truth was entirely proper, and should have been sustained. The record clearly refutes the trial court's finding that the original sentence was "erroneous, irregular, and therefore void." To the contrary, the journal entry itself was incorrect in its reflection of an invalid sentence.

The foregoing conclusion requires that the purported sentence imposed by Judge Wildgen on April 8, 1970, be vacated.

The great weight of authority in this country is to the effect that when a valid sentence has once been pronounced and put into execution, the trial court cannot modify, amend or reverse the same in any respect. (168 A. L. R. 706 Anno., Criminal Law-Changing Sentence.) Kansas adheres to this general principle of law. In *Parks v. Amrine,* 154 Kan. 168, 117 P. 2d 586, it was held:

"When a valid judgment and sentence has been rendered in a criminal case the court has no authority after the sentence imposed has been served, in whole or in part, to set it aside and hear additional evidence and impose a new sentence, even though this be done at the same term of court." (Syl. ¶ 2.)

See, also, *State v. Carte,* 157 Kan. 139, 138 P. 2d 429; *Layman v. Hudspeth,* 162 Kan. 445, 176 P. 2d 527.

The purported sentence of April 8, 1970, being void, the court had no authority to grant probation to the defendant on June 3, 1970. It is true that under K. S. A. 1967 Supp. 62-2239 (now K. S. A. 1970 Supp. 21-4603) the trial court is empowered to modify a sentence within one hundred twenty (120) days after it is imposed. However, that period of time had long expired in this case, for the stat-

utory time commenced to run from December 19, 1967, the date on which the legal sentence was imposed and not from April 8, 1970, when the court purported to pronounce sentence anew.

The judgment is reversed with directions to sustain the state's motion for an order *nunc pro tunc* and to correct the journal entry in *State of Kansas v. Ronald Lyon*, No. 312, in accordance with the prayer of said motion; to vacate the judgment of April 8, 1970, finding the sentence of December 19, 1967, to be void; to vacate the purported sentence imposed against defendant April 8, 1970; to vacate the order of probation entered under date of June 3, 1970; and to proceed with the hearing of whatever matters may remain for determination in the defendant's action filed under K. S. A. 60-1507.