No. 46,639

THE STATE OF KANSAS, *Appellee*, v. THOMAS FRYE, *Appellant*.

(496 P. 2d 1403)

Opinion filed May 6, 1972.

*Robert J. Foster*, of Kansas City, argued the cause and was on the brief for the appellant.

*Nick A. Tomasic*, Chief Deputy County Attorney, argued the cause, and *Vern Miller*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Thomas Frye, was convicted of aggravated robbery in violation of K. S. A. 1971 Supp. 21-3427 and appeals from the conviction and sentence. He will be referred to herein either as the defendant, or Frye.

On July 19, 1970, three characters bearing firearms and wearing clown makeup on their faces appeared at Friedman Auto Supply in Kansas City, Kansas, and proceeded to commit a robbery. This is the second case resulting from the Friedman robbery to reach our court. (See *State v. Sanders*, 209 Kan. 231, 495 P. 2d 1023.)

The defendant was identified by some of the victims in the store

as one of the three robbers. The lawless trio fled the scene of their crime as the police began to arrive and the defendant was identified as having taken a shot at the officers in the course of his leaving. A few minutes later police officers discovered Frye running from behind a church in the general area of the crime, carrying a brown paper bag in his hand and with the handle of a pistol sticking out of his pocket. The defendant was thereupon apprehended and searched. The paper sack was found to contain $24 in bills and the pistol turned out to be a .38 Smith & Wesson, fully loaded except for one empty shell in the chamber.

The defendant first contends the arrest and search were unlawful as being made without probable cause. This position is without merit. Frye was discovered in flight, with a lethal weapon protruding from his pocket and with clown makeup on his face. There was probable cause in good measure for officers to place Frye under arrest and to conduct a search of his person.

The defendant complains he was not represented by counsel at a lineup. Whether he was represented or not, no prejudice has been shown. No evidence concerning a lineup was admitted or even offered at the trial.

A complaint is made that bail was set in an unreasonable amount, *i.e.,* $10,000. The record reflects that the defendant originally made bond, but was surrendered by his bondsman when he missed a court date set in a Wichita case. The defendant has no legitimate cause to complain of the amount of the bond under these circumstances.

Other matters alleged to be trial errors are too trivial to require comment.

A more serious challenge is directed against the sentence. The record reflects that Frye was originally sentenced to the custody of the state director of penal institutions for a term of not less than *five* nor more than *fifteen* years. The journal entry discloses that on the following day the trial court on its own motion set the sentence aside as being erroneous and sentenced the defendant to the state director of penal institutions for a term of not less than *ten* years nor more than *life imprisonment.*

The defendant was convicted of aggravated robbery. This offense is defined as a Class B felony by K. S. A. 1971 Supp. 21-3427. Authorized terms of imprisonment for various classes of felonies

are found set out in K. S. A. 1971 Supp. 21-4501. With respect to Class B felonies the statute provides in subparagraph (*b*) as follows:

"Class B, the sentence for which shall be an indeterminate term of imprisonment, the minimum of which shall be fixed by the court at not less than five (5) years nor more than fifteen (15) years and the maximum of which shall be life;"

It will be noted that the minimum term of imprisonment *shall be fixed by the court,* while the *maximum shall be life.*

K. S. A. 1971 Supp. 21-4603 (1) (*e*) provides in pertinent part:

"The court in committing a defendant to the custody of the state director of penal institutions shall not fix a maximum term of imprisonment, but the maximum term provided by law shall apply in each case   .  .  ."

As pointed out, K. S. A. 21-4501(*b*) provides the court shall fix the minimum term of imprisonment at *not less than 5 nor more than 15 years.* It is thus apparent that the 5-year minimum term fixed by the court in pronouncing its original sentence was within statutory limitations. It would appear, however, that the maximum of 15 years fixed by the court in the first sentence was not within its competence to assess in view both of the statutory provision that the maximum *shall* be life (K. S. A. 1971 Supp. 21-4501 [*b*]) and of the further fiat of K. S. A. 21-4603 (1) (*e*) that the court shall *not* fix a maximum term of imprisonment but the maximum set by law *shall apply* in every case.

We view the sentence first imposed by the trial court as establishing a valid minimum. The maximum term of imprisonment, however, the trial court had no authority to set, for it was established by the statute—to "apply in each case." Accordingly, the court's attempt in the first sentence to set a maximum term at variance with the express statutory command was ineffective, and we regard it as being mere surplusage.

Is the first sentence pronounced a void sentence? We believe not. It contains a valid minimum term pronounced by the court in compliance with the law, and the statute itself sets a valid maximum. We view our decision in *State v. Gaunt,* 98 Kan. 186, 157 Pac. 447, as dispositive of the question. That case arose under the indeterminate sentence act which essentially provided at that time that a person convicted of felony (other than murder or treason) be sentenced to the penitentiary for a term not to exceed the maximum nor less than the minimum provided by law. Gaunt was convicted of third degree manslaughter, the penalty for which

was confinement at hard labor for a term not exceeding three years or imprisonment in the county jail for not less than three months. The defendant was sentenced for a term of not exceeding three years. By statutory provision a sentence for confinement at hard labor may not be less than one year. In upholding the sentence as being valid this court said: "The judgment of the court recited the maximum limit and the law supplies the minimum." So here, the sentence first imposed by the trial court established the minimum within statutory limits and the law supplied the maximum.

The question thus becomes whether the trial court may increase the penalty first imposed by increasing the minimum term of imprisonment the day following pronouncement. We believe a negative response is indicated.

We view the issue as being controlled by former decisions of this court. In *Parks v. Amrine,* 154 Kan. 168, 117 P. 2d 586, Parks entered a plea of guilty to a forgery charge and was sentenced to a term of not to exceed twenty years under the provisions of the Habitual Criminal Act. Three days later, while still being held in jail, Mr. Parks was returned to court where additional prior convictions were established. The court then set the sentence aside and sentenced Mr. Parks to life imprisonment. Parks later filed a habeas corpus proceeding. On appeal from an order denying the writ, this court held that the first sentence was effective when rendered and the second sentence was void. We also held, however, that the defendant was not entitled to his release because the maximum time of the first sentence, which was a valid sentence, had not yet expired.

A later case, *Layman v. Hudspeth,* 162 Kan. 445, 176 P. 2d 527, adopted the rationale of *Parks.* Here the defendant was sentenced to a term of not less than five nor more than fifteen years for grand larceny. He was taken to the county jail and two days later, having broken all the windows in the jail, was returned into court. At this time the state introduced evidence of a prior conviction, of which it had knowledge all along. Thereupon, the court set aside the original sentence and resentenced the defendant for a term of not less than ten nor more than thirty years. In original habeas corpus proceedings before this court it was held that the second sentence was void but that the original sentence was valid and must stand.

A later expression is found in *Veronee v. State,* 193 Kan. 681, 396 P. 2d 360, where the defendant was given two sentences of not less

than five years each on charges of burglary, the sentences to run concurrently. While in jail awaiting transfer to the reformatory, the defendant escaped. On being captured, he was returned into court and the two sentences were modified to run consecutively. On appeal, this court held that the consecutive sentences were void but the concurrent sentences were valid.

In the recent case of *State v. Lyon*, 207 Kan. 378, 485 P. 2d 332, under somewhat different circumstances, this court held:

"Where a valid sentence has been pronounced in a criminal case and has been put into execution, the trial court is without authority to set such sentence aside and impose a new sentence." (Syl. ¶ 3.)

While the record does not expressly so state, we think it may be presumed that Mr. Frye was in custody of the sheriff following pronouncement of the first sentence; that he was being held in jail awaiting transfer to the penitentiary; and that his sentence had commenced to run before he was resentenced. He was clearly an indigent person and was represented by appointed counsel; he had been surrendered by his bail sometime before trial; and there is no suggestion that he made bond thereafter. In *State v. Dearman*, 199 Kan. 357, 430 P. 2d 285, this court said that a defendant commences to serve his sentence the moment he is taken into custody following sentence by the court. See, also, *State v. Tillman*, 208 Kan. 954, 494 P. 2d 1178.

Accordingly, it is our opinion that under the circumstances of this case the trial court was without authority to increase the minimum term of Frye's original sentence the day after it was imposed.

We find no prejudicial trial errors and the conviction must be upheld. We hold the second sentence to be void but we uphold the first sentence as being valid with the exception of the maximum term imposed. The trial court is directed to modify the first sentence by deleting therefrom as surplusage the portion which reads "nor more than 15 years." As so modified, the judgment of the court below is affirmed.

IN THE SUPREME COURT OF THE STATE OF KANSAS

(Bar Docket No. 4263)

In the matter of the Complaint made against ROBERT H. ROYER by the State Board of Law Examiners.

## ORDER OF CENSURE

WHEREAS, in a proceeding conducted by the State Board of Law Examiners to inquire into complaints of alleged professional misconduct by ROBERT H. ROYER, and

WHEREAS, following a full hearing as to such complaints the State Board of Law Examiners found that said ROBERT H. ROYER was guilty of violating Canon No. 29 of the Canons of Professional Ethics (198 Kan. xxii), and

WHEREAS, the State Board of Law Examiners has made a written recommendation to this court that said ROBERT H. ROYER be disciplined by "Public Censure" as provided by Rule No. 205 (m) (2), (205 Kan. lxii), and

WHEREAS, the said ROBERT H. ROYER, pursuant to subdivision (n) of Rule No. 205, above, has in writing elected to accept such recommended discipline and to pay the costs of the proceeding, and

WHEREAS, upon consideration of the record and being fully advised in the premises, the court accepts the recommendation of the State Board of Law Examiners and the acceptance thereof.

It is, therefore by the court Considered, Ordered and Adjudged that the said ROBERT H. ROYER be, and he is hereby Censured by this court and that he pay the costs of the proceeding. It is further ordered that this Order of Censure be published in the official Kansas Reports.

By order of the court, dated this 5th day of May, 1972.