IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,721

STATE OF KANSAS,
*Appellee*,

v.

PATRICK ANGELO, JR.,
*Appellant*.

SYLLABUS BY THE COURT

1.

The special sentencing rules set out in K.S.A. 2003 Supp. 21-4603 (now codified at K.S.A. 2016 Supp. 21-6702) apply only to crimes committed before July 1, 1993—that is, before the effective date of the Revised Kansas Sentencing Guidelines Act, K.S.A. 2016 Supp. 21-6801 *et seq.*

2.

Simply pressing a point without pertinent authority, or without showing why it is sound despite a lack of supporting authority, is akin to failing to brief an issue. Where the appellant fails to brief an issue, that issue is waived or abandoned

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed April 21, 2017. Affirmed.

*Debera A. Erickson*, of Kansas City, was on the brief for appellant.

*Jennifer S. Tatum*, assistant district attorney*, Jerome A. Gorman,* district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

LUCKERT, J.: Patrick Angelo, Jr., appeals from sentences imposed on remand after the Court of Appeals held his original sentencing was ambiguous and, therefore, illegal. In this appeal, Angelo argues his newest sentences are also illegal because they impose a greater cumulative sentence than had been imposed at his original sentencing. We reject Angelo's arguments and affirm his sentences.

FACTS AND PROCEDURAL HISTORY

In February 2004, the State charged Angelo with two counts of premeditated first-degree murder arising from deaths that had occurred a few days earlier. A jury convicted him as charged on November 18, 2005.

According to Angelo's presentence investigation report (PSI), the sentencing range for both Count I and Count II was life imprisonment. At the January 2006 sentencing hearing, Angelo's attorney asked the sentencing judge "to impose two life sentences without the possibility of parole for 25 years and run them concurrently." Angelo's attorney later stated, "he is obviously going to be given a life sentence and we understand that, but one life sentence, in essence, with a 25 year possibility for parole . . . would be very reasonable in this matter."

The sentencing judge ruled, stating:

"It will be the judgment and order of the Court on count one, the charge of first degree premeditated murder, the defendant will be sentenced to the custody of the Kansas Secretary of Corrections for a period of life imprisonment. That is the only sentence that the law calls for on first degree murder.

2

"On count two, also the charge of first degree premeditated murder, the defendant will be sentenced to the custody of the Kansas Secretary of Corrections. Those sentences are ordered to run consecutively to one another. The defendant will be considered eligible for parole on each of those sentences after having served 25 years of imprisonment.

"The Court is not imposing the Hard 50 on each case, but the net effect of that is the defendant would have to serve 50 years before he would become eligible for parole."

The sentencing judge thus did not specifically state that Angelo was sentenced to life imprisonment on Count II, an omission that became important in subsequent proceedings. Nevertheless, the journal entry reflected a life sentence on each count, with Count II to run consecutive to Count I. Angelo appealed but did not challenge the legality of these sentences, and this court affirmed his convictions. See *State v. Angelo*, 287 Kan. 262, 265, 197 P.3d 337 (2008).

Subsequently, Angelo filed a K.S.A. 60-1507 motion in district court. Among other issues, Angelo argued he was actually sentenced, as shown in the hearing transcript, to only one life sentence regardless of what the journal entry of judgment showed. The district court denied relief on all issues, and Angelo appealed. Of relevance here, he asked the Court of Appeals to order the correction of the journal entry so it reflected the sentence as pronounced, which he argued was one life sentence.

The Court of Appeals panel considered the sentencing judge's statement and concluded:

"From the bench, the district court clearly pronounced the term of life imprisonment for count one but failed to state the term of imprisonment for count two. While admittedly one could infer the sentence for the second count of murder is also life imprisonment given the district court's statements before and after its pronouncement on

3

the second count, we ultimately conclude the district court's sentence as to count two is ambiguous. We deem this ambiguity in the district court's sentence as error which renders Angelo's sentence illegal because no term of imprisonment was articulated by the court." *Angelo v. State*, No. 109,660, 2014 WL 1096834, at *4 (Kan. App. 2014) (unpublished opinion).

Accordingly, the panel concluded that "Angelo's sentence for the second murder count is ambiguous, rendering it illegal and requiring us to remand the case for resentencing as to count two." 2014 WL 1096834, at *1.

On remand, a different district court judge conducted Angelo's resentencing hearing in March 2015. The resentencing judge referenced the original sentencing and stated he "believe[d] that [it's] clear from reading [the docket sheet] that [the original judge] intended that Mr. Angelo receive . . . life imprisonment with parole eligibility possible at 25 years on count one, life imprisonment with parole eligibility after 25 years on count two ordered to run consecutive." The judge explained that he would impose the sentence originally intended. Accordingly, the judge resentenced Angelo to life imprisonment with parole eligibility after 25 years on Count I and life imprisonment with parole eligibility after 25 years on Count II, with the sentences to run consecutively.

Angelo appealed. This court obtained jurisdiction pursuant to K.S.A. 2016 Supp. 22-3601(b)(4) (off-grid convictions).

ANALYSIS

Angelo does not dispute the resentencing court's authority to impose a life sentence on Count II; instead, he suggests the life sentence for Count II cannot be run consecutive to Count I. He argues that the resentencing judge illegally imposed a harsher sentence when he ordered consecutive sentences. He builds his argument in two steps.

4

First, although the original sentencing judge had explicitly stated that the two counts would run consecutively, Angelo reasons the original sentencing court did not provide a sentence for Count II, meaning, "in the legal sense . . . there was no sentence on count two" and, thus, no consecutive sentence was ordered. He cites K.S.A. 21-4608(a) (now codified at K.S.A. 2016 Supp. 21-6606[a]) to support his argument. It states, in relevant part, that if "the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently." He concludes we must accept that the original sentencing judge was effectively silent about whether the sentences were to be concurrent or consecutive because there was "not a lawful consecutive sentence upon his original sentence."

Second, Angelo argues the resentencing judge impermissibly increased his sentence to two consecutive life sentences. He argues that for his sentence to be legal "the sentences must be concurrent"—that is, that the overall length of the sentence could not be enhanced over what ended up being only one properly imposed life sentence during the original sentencing.

Angelo's argument depends on his contention that the resentencing judge was prohibited by K.S.A. 2003 Supp. 21-4603(d)(2) (now codified at K.S.A. 2016 Supp. 21-6702) from enhancing the original sentence. See *State v. Warrior*, 303 Kan. 1008, 1009, 368 P.3d 1111 (2016) (defining an illegal sentence to include a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment). This argument presents a question of law subject to our unlimited review. See *State v. Chavez*, 292 Kan. 464, 465, 254 P.3d 539 (2011) ("Whether the sentence was illegal is a matter of statutory interpretation, which is a question of law subject to unlimited appellate review.").

5

K.S.A. 2003 Supp. 21-4603(d)(2) provides, in part: "If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals." This court has stated, in interpreting and applying this statute, that "[o]nce a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence." *State v. Royse*, 252 Kan. 394, 398, 845 P.2d 44 (1993); see also *Veronee v. State*, 193 Kan. 681, 683, 396 P.2d 360 (1964) (interpreting a statute that preceded K.S.A. 21-4603 and used similar language to mean a court could reduce, but not increase, a sentence); *State v. Zirkle*, 15 Kan. App. 2d 674, 678, 814 P.2d 452 (1991) ("Both the case law interpreting the predecessor statute and the clear language of 21-4603[4][a] prohibit the court from increasing sentences.").

Angelo's reliance on K.S.A. 2003 Supp. 21-4603 fails in many respects. Most significantly and fundamentally, K.S.A. 2003 Supp. 21-4603(d)(2) does not apply to his sentence because, effective July 1, 1993, the statute was amended to add a new subsection (k), which stated: "The provisions of this section shall apply to crimes committed before July 1, 1993." K.S.A. 1993 Supp. 21-4603(k) (now codified at K.S.A. 2016 Supp. 21-6702[j]). Angelo committed the two counts of first-degree murder in 2004—more than 10 years after the cutoff for applying 21-4603.

Moreover, the holdings of *Royse*, *Veronee*, and *Zirkle*, all of which Angelo looks to for support, relate to an interpretation of 21-4603 and its predecessor statute. The holdings do not make sweeping statements of law untethered from that statutory anchor. They, in effect, apply only to sentences imposed before July 1, 1993.

Simply put, neither the statute nor the cases on which Angelo relies have any applicability to this case. And Angelo fails to cite any statute that was effective on the date he committed his crimes and that placed a similar limitation on a sentence imposed

6

after an appeal. Further, he fails to argue why principles set out in *Royse*, *Veronee*, and *Zirkle* should apply to sentences not controlled by 21-4603. Nor does he make a constitutional argument. As such, both his statutory argument and any possible constitutional argument are waived or abandoned. "Simply pressing a point without pertinent authority, or without showing why it is sound despite a lack of supporting authority, is akin to failing to brief an issue. 'Where the appellant fails to brief an issue, that issue is waived or abandoned.'" *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1, 15, 61 P.3d 68 (2002). Angelo's argument fails for lack of pertinent authority or an argument showing why his position is sound despite the lack of supporting authority.

Affirmed.