No. 49,477

DOUGLAS M. SWOPE, *Petitioner,* v. HON. DON MUSSER, Judge of the Eleventh Judicial District, Division I, of the State of Kansas, *Respondent.*

(573 P 2d 587)

Opinion filed November 21, 1977.

*Fred Spigarelli* and *Timothy A. Short,* both of Pittsburg, for the petitioner.

*Michael F. McCurdy,* county attorney, and *David L. McLane,* assistant county attorney, for the respondent.

The opinion of the court was delivered by

FROMME, J.: The petitioner, a prisoner in the county jail of Crawford County, Kansas, filed this original action praying for an order of mandamus directing the respondent, the Honorable Don Musser, to reinstate an order of probation and to order release from custody in accordance with the order of probation previously entered.

After the petition was filed in this court the matter proceeded in accordance with Rule No. 9.01 (*c*), Rules of the Supreme Court (220 Kan. xxvi), and a response was duly filed on behalf of respondent. It appears that there are no disputed questions of material fact and disposition of the case may be entered without further briefs or argument.

On August 26, 1977, the petitioner entered a plea of guilty to aggravated battery arising out of a stabbing incident which occurred in June. On August 30, 1977, a hearing was held and evidence was presented in support of a motion for probation. After considering the evidence and the arguments of counsel the respondent sentenced petitioner to a minimum term of one year and not to exceed twenty years. The sentence was then suspended and petitioner was placed on probation for a period of three years, subject to certain conditions. The petitioner was released from custody. Later that same day the respondent ordered the arrest of

petitioner. He has since been held in the custody of the sheriff.

On September 2, 1977, a second hearing was held, the previous order of probation was set aside and petitioner was ordered to begin serving the sentence previously imposed.

At the hearing on September 2, the respondent judge recited the facts leading up to the hearing and stated:

> ". . . I will state for the record that there has been no showing of any violation of the probation order—however, in setting aside the judgment of probation, I am also setting aside the conditions of probation, which included that he make restitution. Any of those conditions, of course, may be reinstated at any time his probation is reinstated, but the entire order of probation is set aside and I will ask for a diagnostic center evaluation report before I consider the case further."

The question to be decided is whether a sentencing judge after granting probation and releasing a defendant from custody may revoke the order without evidence of a violation of the terms of that order of probation.

Probation is a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment subject to conditions imposed by the court and subject to the supervision of the probation service of the state, county or court. (K.S.A. 21-4602[3].) It is one of the authorized dispositions recognized in K.S.A. 1976 Supp. 21-4603. We note in the sentencing statute that the 120 day provision for modification authorizes a judge to "modify such sentence or revocation of probation". In case of probation it provides for modification of the sentence only after revocation.

The procedure for revocation and arrest of a probationer is covered in K.S.A. 22-3716. This statute authorizes a court to issue a warrant for the arrest of a defendant for violation of any of the conditions of release. It provides for notice to defendant that he has violated the conditions of his release. Thereafter a hearing in open court is held and the state has the burden of establishing the violation. ". . . If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the defendant to serve the sentence imposed, or any lesser sentence, . . ." (K.S.A. 22-3716[2].) We have held the procedure provided in this statute meets the constitutional requirements imposed upon proceedings for revocation as judicially declared in *Morrissey v. Brewer,* 408 U.S. 471, 33 L.Ed.2d

484, 92 S.Ct. 2593. See *Toman v. State,* 213 Kan. 857, 859, 518 P.2d 501. In *State v. Rasler,* 216 Kan. 292, 532 P.2d 1077, we held:

"The provisions of 22-3716 are fully in accord with the ABA Standards on probation and the pertinent guidelines set forth by the United States Supreme Court in *Morrissey v. Brewer,* supra; and *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756. Proof beyond a reasonable doubt of the violation of a condition of probation is not required by statute or constitution in a revocation proceeding." (p. 295.)

In *Morrissey v. Brewer,* supra, the supreme court considered the due process requirements of revocation of parole. In the opinion the court stated:

"Implicit in the system's concern with parole violations is the notion that the parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole. . . ." (408 U.S. p. 479.)

It further notes:

". . . The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions. . . ." (408 U.S. p. 482.)

The court notes the liberty involved in parole includes many of the "core values" of unqualified liberty—employment and freedom to be with family and friends. The court concludes the termination of parole inflicts a "grievous loss" on the parolee. The court then sets out the minimum due process requirements for revocation.

In *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756, the court acknowledges *Morrissey* and holds no difference exists relevant to the guarantee of due process between the revocation of parole and the revocation of probation. The latter also results in loss of liberty. This makes the above language equally applicable to probation.

Numerous federal cases not directly on point contain language which would support petitioner's contention. Among them are *Manning v. United States,* 161 F.2d 827 (5th Cir. 1947), cert. den. 332 U.S. 792, 92 L.Ed. 374, 68 S.Ct. 102, in which the appellant contended there were no terms or conditions in the judgment placing him on probation. The court, finding otherwise, stated in the opinion:

"A probationer may not have his probation revoked unless it is made to appear that he has failed to comply with the terms and conditions of his probation. *Mankowski v. United States,* 5 Cir., 148 F.2d 143, 144. . . ." (p. 829.)

In *Nelson v. United States,* 225 F.2d 902 (10th Cir. 1955), the court held:

"The evidence is uncontradicted that he was in violation of the terms of probation. Courts may not act arbitrarily in revoking probations, but *all that is required is evidence and facts which reasonably satisfy the judge that the probationer's conduct has not been as good as that required by the conditions of probation.*" (p. 904. Emphasis supplied.)

The language emphasized was later quoted in *Rodgers v. United States,* 413 F.2d 251 (10th Cir. 1969).

A sentencing judge need not grant probation but if he does he should not be able to revoke arbitrarily such probation without a due process hearing in which it is shown the terms of probation have been violated. When the court imposes conditions for probation it impliedly agrees to continue petitioner's probation as long as the conditions are satisfied. To allow the court to summarily revoke the petitioner's probation without a hearing to determine if the conditions have been violated, is state action inconsistent with the due process guarantees of the constitutions.

Our previous Kansas cases holding that revocation is in the sound discretion of the trial court presuppose that a violation of the terms of probation has occurred. See *State v. Nelson,* 196 Kan. 592, 412 P.2d 1018; *State v. Dunham,* 213 Kan. 469, 517 P.2d 150; and cases previously cited herein. Discretion of the trial court does not come into play until there has been evidence of violation of the terms on which probation was granted.

We have reviewed cases from Virginia, North Carolina, Utah, Oregon, Ohio and Oklahoma which hold probation when granted may not be arbitrarily revoked without a violation of the terms on which probation was granted. We find no persuasive law to the contrary.

However, when misrepresentations have been made to the court by or on behalf of a defendant at the time of granting probation which misrepresentations were a basis for granting probation in the first place, the prior misrepresentations may be grounds for revocation. (*United States v. Ecton,* 454 F.2d 464 [9th Cir. 1972].) It has also been held that probation may be revoked for fraudulent concealment of facts and circumstances existing at the time of the hearing at which probation is granted. See *Trueblood Longknife v. United States,* 381 F.2d 17 (9th Cir. 1967), cert. den. 390 U.S. 926, 19 L.Ed.2d 987, 88 S.Ct. 859.

In the present case no misrepresentations or fraudulent concealment contributed to the respondent's decision to grant probation. At the hearing on September 2, when probation was revoked respondent candidly admitted he was aware that defendant-petitioner had committed a previous offense and that respondent had not thoroughly investigated the matter. Respondent stated for the record that there had been no showing of any violation of the previous probation order.

Implicit in our statutory provisions for probation is the understanding that the court need not grant probation, but if it does so, the probationer is entitled to retain his liberty as long as he abides by the conditions on which probation is granted. A probationer may not have his probation revoked unless it is made to appear that he has failed to comply with the terms and conditions of his probation.

For the foregoing reasons we hold the petitioner's probation revocation to be a nullity and therefore direct the respondent to reinstate the previous order of August 30, 1977, granting probation and releasing petitioner from custody.

It is so ordered.