(720 P.2d 227)
No. 58,299

STEVEN JOE ANDREWS, *Appellant*, v. STATE OF KANSAS, *Appellee*.

—

Opinion filed June 19, 1986.

*Lisa Nathanson*, of Legal Services for Prisoners, Inc., of Topeka, for the appellant.

*Willis K. Musick*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PARKS, P.J.; MEYER and BRAZIL, JJ.

PARKS, J.: Petitioner, Steven Joe Andrews, appeals from the district court's denial of his K.S.A. 60-1507 motion to vacate his sentence.

On October 1, 1979, petitioner entered a plea of nolo contendere to a charge of felony theft. The court found the petitioner guilty of the charged offense and sentenced him to a term of one to five years in the custody of the Kansas Secretary of Corrections. In reliance upon petitioner's representation to the court that he had never been in trouble before, the court granted petitioner's motion for a probated sentence. Petitioner was placed on supervised probation for a term of two years and ordered to make restitution. A few days after petitioner was

released on probation, the court learned that he had been convicted of several prior felony crimes in other jurisdictions. The court issued a bench warrant for petitioner's arrest stating that the October 1 sentencing should be "held for naught."

Petitioner was arrested and brought before the court. Without finding that petitioner had violated any of the terms or conditions of his probation, the court effectively revoked petitioner's probation on the grounds that he had lied to both the court and his counsel. Petitioner was resentenced to a term of two to ten years' imprisonment without objection from his counsel. Petitioner filed this motion only after serving five years of his sentence and being placed on parole. He appeals from the district court's denial of any relief on his motion to vacate the second sentence.

Initially, petitioner contends that the sentencing court lacked the authority to revoke his probation without a showing that he violated its terms and conditions. He contends that considerations of due process and the provisions of K.S.A. 1985 Supp. 22-3716 permit the revocation of probation only upon evidence of a violation of its terms. However, in *Swope v. Musser*, 223 Kan. 133, 136, 573 P.2d 587 (1977), our Supreme Court recognized an exception to this rule which is widely accepted. The Court stated as follows:

"[W]hen misrepresentations have been made to the court by or on behalf of a defendant at the time of granting probation which misrepresentations were a basis for granting probation in the first place, the prior misrepresentations may be grounds for revocation. (*United States v. Ecton*, 454 F.2d 464 [9th Cir. 1972].) It has also been held that probation may be revoked for fraudulent concealment of facts and circumstances existing at the time of the hearing at which probation is granted." 223 Kan. at 136.

Although the Court did not find that the circumstances of *Swope* justified application of this exception, we believe the exception itself is appropriate. See *United States v. Torrez-Flores*, 624 F.2d 776, 784 (7th Cir. 1980); Annot., 36 A.L.R.4th 1182. Therefore, when a defendant is granted probation in reliance upon misrepresentations made to the court by or on behalf of the defendant, the probation may be summarily revoked without evidence that the terms or conditions of probation have been violated.

Petitioner admitted at the second hearing that he had lied to a court services officer and to the sentencing court by stating that he had not been in trouble before. Petitioner admitted that he

had previously been convicted of auto theft in both Texas and Indiana. The record reveals that the misrepresentations were made by the petitioner at the time probation was granted and that the sentencing court relied upon those misrepresentations in granting probation. Accordingly, it was clearly within the discretion of the trial court to revoke petitioner's probation.

Petitioner's second argument has greater merit. He contends the sentencing court exceeded its authority in imposing a new, increased sentence after revoking his probation. We agree.

K.S.A. 1985 Supp. 22-3716(2) specifically sets out the sentencing options of the court when probation is revoked. The pertinent portion of the statute states as follows:

"If the violation is established, the court may continue or revoke the probation or suspension of sentence and may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

The sentencing options included in K.S.A. 1985 Supp. 22-3716(2) clearly differentiate between the situation in which probation has been imposed and that which arises when sentencing is suspended. Probation is defined as "a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment subject to conditions imposed by the court." K.S.A. 1985 Supp. 21-4602(3). By contrast, suspension of sentence is the procedure by which a guilty defendant is released by the court without the imposition of sentence. K.S.A. 1985 Supp. 21-4602(2). Therefore, K.S.A. 1985 Supp. 22-3716(2) indicates that when probation is revoked, the court may either reinstate the sentence already imposed or it may impose a different, lesser sentence. If no sentence has previously been imposed because the sentence, and not just the execution of the sentence, was suspended, the court may impose whatever sentence it could have originally imposed. K.S.A. 1985 Supp. 22-3716(2) does not authorize the imposition of a greater sentence than that originally imposed when probation is revoked.

Although K.S.A. 1985 Supp. 22-3716(2) has not been previously construed, there is considerable authority from other jurisdictions consistent with our interpretation. The federal courts have long held that the sentencing court lacks the authority to impose a harsher sentence after revoking probation and

suspending execution of the initial sentence. *Roberts v. United States*, 320 U.S. 264, 88 L. Ed. 41, 64 S. Ct. 113 (1943). In addition, the language of the current federal statute governing probation, 18 U.S.C. § 3653 (1982), which is nearly identical to that of the Kansas provision, is construed as limiting the sentencing power of the court upon revocation of probation. For example, in *United States v. McDonald*, 611 F.2d 1291 (9th Cir. 1980), the court stated that where imposition of sentence was originally suspended, the sentencing court was free to impose any sentence it might have imposed upon revocation of the suspension, but where execution of the sentence was suspended, the court revoking probation is limited to execution of the original sentence or imposition of a lesser sentence. Similarly, while some states have very different statutory authority, those with provisions similar to ours have concluded that the court revoking probation may not impose a new, increased sentence. See, *e.g.*, *Nelson v. State*, 617 P.2d 502 (Alaska 1981). See generally Annot., 23 A.L.R.4th 883.

Petitioner was originally given a lawful sentence and the court had no authority to set this sentence aside once it was put into execution. *State v. Lyon*, 207 Kan. 378, Syl. ¶ 3, 485 P.2d 332 (1971). When sentence is imposed but its execution suspended, the sentencing power of the court on the subsequent revocation of probation is controlled by K.S.A. 1985 Supp. 22-3716(2), which permits the court to impose the original or a lesser sentence. Therefore, we conclude that the sentencing court exceeded its authority when it imposed an increased sentence and the district court which denied petitioner's K.S.A. 60-1507 motion to vacate the unlawful second sentence erred. The motion to vacate the second sentence is granted and, since defendant has served the maximum term of the original sentence, he is ordered discharged from any remaining restrictions on his liberty.