(963 P.2d 1238)

No. 78,447

STATE OF KANSAS, *Appellee*, v. ROY A. LUMLEY, *Appellant*.

Opinion filed August 7, 1998.

*Randall L. Hodgkinson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Michelle M. Sehee*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., GERNON, J., and ERNEST L. JOHNSON, District Judge, assigned.

JOHNSON, J.: Roy A. Lumley appeals from the district court's actions in "resentencing" him to imprisonment. The trial court, at a probation revocation hearing, found that probation had originally been granted based on Lumley's fraud. In essence, the trial court revoked Lumley's probation.

On April 4, 1996, Lumley pled guilty to three counts of aggravated indecent liberties with a child and one count of criminal sodomy. The victims were his minor daughters. The transcript of the plea hearing details in Lumley's own words a strong factual basis for the pleas, and further description of the crimes is not necessary to the decision here. Sentencing was deferred. The court ordered a presentence investigation report and an evaluation by Sedgwick County Mental Health.

Lumley was sentenced on June 11, 1996. Under the Kansas Sentencing Guidelines Act (KSGA), Lumley's sentences, even with his criminal history score of I, included presumptive imprisonment.

Lumley requested a dispositional departure of probation. His attorney argued:

"And I would make this an oral motion for a dispositional departure to Community Corrections based on the evaluations that I've submitted to the court from Dr. Howard Brodsky and most recently a report that was done by the, what is now I guess called the Comprehensive Community Care of Sedgwick County which I understand is formerly Sedgwick County Community Mental Health, a report that was—a psychological evaluation that was just done by Martha J. Bryant.

"It is recommended in that report that Mr. Lumley continue in a community-based sexual offender treatment while under the close supervision of Community Corrections."

The State did not agree to or oppose the requested departure. The State acknowledged that a treatment program did exist that was likely to reduce offender recidivism. If probation was granted, the State asked the court to impose conditions helpful to the community and Lumley.

The court sentenced Lumley to a total of 102 months' imprisonment. The court then found the reports and evaluations submitted provided substantial and compelling reasons for granting the departure requested by Lumley. In setting out the terms of the probation the court reserved the right to veto Lumley's choice of treating physicians. The court further stated:

"Mr. Lumley will submit to a polygraph examination not less often than every six months at his expense. He'll not have any contact with any child less than 16 years of age, period. He'll not have contact with his daughters until arrangements are made between his counselor and their counselor . . . .

. . . .

"Mr. Lumley will provide releases for any and all treatment he is receiving or has received in the past, any and all medical treatment that he has received in the past and will receive in the future."

We note that, had the trial court denied the motion to depart and imposed the presumptive sentence of imprisonment, Lumley's appeal rights would be severely limited. See *State v. Myers*, 20 Kan. App. 2d 401, 403, 888 P.2d 866 (1995).

On December 23, 1996, the trial court issued a warrant for Lumley's arrest for violating terms of his community corrections program. The warrant was based on a sworn allegation that Lumley's

answer to a polygraph examiner's question was untruthful regarding contact with a child.

A hearing was held on the probation violation warrant on January 28, 1997. Lumley's attorney moved to quash the warrant. He stated that Lumley would not stipulate to admission of any polygraph evidence and argued that it was otherwise inadmissible. The trial court pointed out that there had been no objection to the provision at sentencing and said, "He was a departure and he got probation because he was willing to take a polygraph." This dialogue followed:

"THE COURT: So if you're telling me he's not willing to have a polygraph be part of his probation—which is what I'm hearing you say—I'll say fine and there won't be any probation and we'll give him credit for time served and I'll send him to the Secretary.

"MR. LEHR: Umm, your Honor, I'm not saying that this court does not have the power to enter as a condition of probation a requirement that Mr. Lumley undergo a polygraph test to insure his compliance with the conditions of probation. However, I have been unable to find any case in the United States that allows for the introduction of that test at a probation violation hearing.

"THE COURT: Where it was a condition of probation?

"MR. LEHR: As a condition to be used as part of his therapy, not as a basis for additional evidence against him to be introduced to send him back to prison.

"THE COURT: Oh, I'll overrule that objection.

"MR. LEHR: That's where my objection comes in.

"THE COURT: Okay. I'll find that Mr. Lumley is not willing, was not willing to have a polygraph be part of his conditions of probation. The court was not made aware of that. That's a fraud on the court. Therefore, we'll go back to ground zero and we'll start over with sentencing again."

The trial court further indicated that without the polygraph examinations, the program recommended by Ms. Bryant could not be done. The court then effectively revoked Lumley's probation, committing him to serve the 102 months originally imposed.

Although the trial court refers to his action as a "resentencing," this is clearly a probation revocation. The "resentencing" occurred at a hearing on a probation violation warrant. The discussion at the hearing confirms this was a revocation. The sentence imposed was the same as previously announced, just without the nonprison departure. Lumley's notice of appeal is from "the revocation of probation and all adverse judgments."

In *Andrews v. State*, 11 Kan. App. 2d 322, 720 P.2d 227 (1986), a procedurally similar situation arose. In that case, the trial court found that probation had been granted on defendant's lies and "resentenced" the defendant to imprisonment. This court treated the matter as a revocation. The substance of the action, rather than the label, controls our review.

In *Andrews*, as here, the defendant contended that the sentencing court lacked the authority to revoke his probation without a showing that he violated its terms and conditions. He contended that considerations of due process and the provisions of K.S.A. 1985 Supp. 22-3716 permitted the revocation of probation only upon evidence of a violation of its terms. While that is generally true, we noted in *Andrews*:

"However, in *Swope v. Musser*, 223 Kan. 133, 136, 573 P.2d 587 (1977), our Supreme Court recognized an exception to this rule which is widely accepted. The Court stated as follows:

'[W]hen misrepresentations have been made to the court by or on behalf of a defendant at the time of granting probation which misrepresentations were a basis for granting probation in the first place, the prior misrepresentations may be grounds for revocation. (*United States v. Ecton*, 454 F.2d 464 [9th Cir. 1972].) It has also been held that probation may be revoked for fraudulent concealment of facts and circumstances existing at the time of the hearing at which probation is granted.' 223 Kan. at 136.

"Although the Court did not find that the circumstances of *Swope* justified application of this exception, we believe the exception itself is appropriate. See *United States v. Torrez-Flores*, 624 F.2d 776, 784 (7th Cir. 1980); Annot., 36 A.L.R.4th 1182. Therefore, when a defendant is granted probation in reliance upon misrepresentations made to the court by or on behalf of the defendant, the probation may be summarily revoked without evidence that the terms or conditions of probation have been violated." *Andrews*, 11 Kan. App. 2d at 323.

See also *State v. Dunham*, 213 Kan. 469, 478-79, 517 P.2d 150 (1972) (defendant's probation was revoked for misleading the court on his medical status).

It is clear from the trial court's comments that the polygraph requirements were part of the nonprison plan Lumley persuaded the court to adopt. The state of Kansas law on polygraph admissibility was the same when Lumley sought adoption of the plan as when Lumley repudiated it by objecting to the admission of the

test results. See *State v. Green*, 245 Kan. 398, 405-06, 781 P.2d 678 (1989). Lumley did not object to or qualify the polygraph requirement at sentencing. Rather, he accepted the benefit from it until it appeared it might cause him a problem.

Lumley's contention that the results of tests were only for use in therapy is not supported. In granting the departure, the trial court indicated its intention to monitor closely Lumley's therapy. The court reserved veto power over the treating doctor and required medical releases for all treatment records. These conditions, with the polygraph, are not just therapeutic. They are parts of a plan by which Lumley's compliance with probation could be followed by the court.

Historically, probation was an act of grace, and the power to grant that act was provided by the legislature to the court. Probation was separate and distinct from the sentence. *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985). Now, the KSGA limits the trial court's discretion to grant probation by mandating presumptive sentences, which include presumptions on probation. However, the "act of grace" in granting probation remains very real in the context here. But for the trial court's finding of substantial and compelling reasons for probation, Lumley was presumed to deserve imprisonment.

In *State v. Miller*, 20 Kan. App. 378, 383-84, 888 P.2d 399 (1995), we addressed the applicable standard of review regarding a probation revocation:

"In Kansas, 'the determination of whether an order of probation should be revoked is a matter within the trial court's discretion.' *State v. Duke*, 10 Kan. App. 2d 392, 394, 699 P.2d 576 (1985). On appeal, the trial court's order revoking probation will only be disturbed if this court finds an abuse of that discretion.

" 'Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.' *State v. Baker*, 255 Kan. 680, Syl. ¶ 9, 877 P.2d 946 (1994)."

The evidence before us regarding the probation plans comes from statements of the parties and the court at the hearings. Lum-

ley did not include in the record on appeal the reports and evaluations that were submitted to the court at sentencing. The appellant has the burden to designate a record sufficient to establish the claimed error. *McCubbin v. Walker*, 256 Kan. 276, 295, 886 P.2d 790 (1994). Lumley should not be rewarded for failing to include certain reports in the appellate record. In *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, 603, 647 P.2d 1268 (1982), the court stated: "Where an appellant has failed to procure an official transcript or abstract the testimony of record or reconstruct it in some accepted manner, this court will not review any action of the trial court requiring an examination of the evidence." Error at the trial court level is never presumed but must be made to affirmatively appear. *Gladney v. Sheriff of Leavenworth County*, 3 Kan. App. 2d 568, 598 P.2d 559 (1979).

The trial court determined that Lumley obtained probation by misrepresenting his willingness to abide by the polygraph requirement of the plan. Thus, the trial court found that the probation should be summarily revoked without the necessity of evidence that the terms or conditions of probation had been violated.

On the record before us, under the applicable standard of review, we do not find that the revocation of Lumley's probation was an abuse of discretion.

Affirmed.