NOT DESIGNATED FOR PUBLICATION

No. 112,581

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALIA TICE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed October 30, 2015. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and POWELL, JJ.

*Per Curiam*: Dalia Tice appeals the revocation of her probation. Because we find no abuse of discretion on the part of the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2013, Tice pled guilty to three counts of felony theft after prior conviction. The district court sentenced her to 12 months' probation with a 22-month

1

underlying prison sentence and allowed her to perform her probation in Jackson County, Missouri.

Just 4 months later, in April 2014, the State sought to revoke Tice's probation, alleging she had committed a new theft offense, used cocaine twice, and failed to follow the rules of the Interstate Compact. Tice subsequently pleaded guilty to the new theft offense. At the revocation hearing, Tice admitted to violating the terms of her probation, resulting in the district court's revocation of her probation and imposition of the 22-month underlying prison sentence. The district court also sentenced Tice to 10 months for the new theft offense.

Tice timely appeals.

### DID THE DISTRICT COURT ABUSE ITS DISCRETION?

Tice argues that the district court erred when it revoked her probation. It is well established that the decision to revoke probation is left to the considered discretion of the district court. See *State v. Lumley*, 25 Kan. App. 2d 366, 370, 963 P.2d 1238 (1998), *aff'd* 267 Kan. 4, 977 P.2d 914 (1999). An abuse of discretion occurs if the judicial action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Specifically, Tice claims that the district court abused its discretion when it revoked her probation and imposed the underlying sentence because she (1) was not a violent offender, (2) had a long history of drug addiction, and (3) was willing to submit to inpatient treatment, a treatment option she had not yet utilized.

The State notes that Tice's statements at her original sentencing hearing and the revocation hearing are inconsistent. At her original sentencing hearing, Tice stated she had successfully completed a drug treatment program, yet at the revocation hearing Tice claimed she had never successfully completed treatment. She repeats this assertion on appeal.

Unfortunately for Tice, she has a long history of theft and drug-related offenses, she committed a new crime while on probation, and her probation violations occurred after only 4 months of being on probation. In light of the record, we have no trouble concluding the district court's decision to revoke Tice's probation was reasonable.

Affirmed.