NOT DESIGNATED FOR PUBLICATION

No. 118,860

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID EUGENE BOLEN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed November 30, 2018. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.

PER CURIAM: David Eugene Bolen Jr. appeals the district court's revocation of his probation and the imposition of his underlying sentence. Although Bolen's sentence was presumptive prison, the district court granted him a dispositional departure, sentenced him to 20 months but granted him probation for a term of 12 months. After Bolen stipulated to violating the terms of his probation, the district court revoked his probation and ordered him to serve his 20-month prison sentence. On appeal, Bolen argues that the district court should have imposed an alternative disposition instead of imposing the underlying sentence. Finding no abuse of discretion, we affirm the district court.

1

Pursuant to a plea agreement, Bolen pleaded guilty to possession of a controlled substance, a level 5 drug felony on May 15, 2017. As part of the agreement, the "parties agree[d] to make a joint recommendation for placement on Community Corrections . . . ." Because Bolen was on probation for another drug offense at the time, the parties also agreed to recommend that Bolen's probation in this case should be served consecutive to his probation in the prior case.

At the sentencing hearing held on July 31, 2017, the district court found that two special rules applied to Bolan because this was his third or subsequent drug felony and because the crime was committed while he was already on felony probation. As such, Bolan faced a presumptive prison sentence. Bolen moved for a dispositional downward departure, and the district court determined that "substantial and compelling reasons [existed] to grant a dispositional departure to probation." Accordingly, the district court sentenced Bolen to 20 months of incarceration and 12 months of postrelease supervision but suspended the sentence to 12 months of probation with Community Corrections.

As a condition to probation, the district court prohibited Bolen from possessing or using drugs and alcohol. Unfortunately, Bolan failed to comply with this condition of his probation. In addition, he failed to report to his probation officer as required. As a result, the State filed a motion to revoke probation.

At a probation revocation hearing held on November 28, 2017, Bolan stipulated to the violations of the terms of his probation. Nevertheless, the State offered the testimony of Bolan's Community Corrections officer as well as the testimony of the Director of the Community Corrections Client Re-Engagement Program. The State requested that the district court revoke Bolan's probation and impose his underlying sentence. However,

Bolan requested that he receive another chance at probation and that an intermediate sanction be imposed.

After considering the testimony, the district court found that Bolen had "been given numerous opportunities on treatment" and that he had "received all the services that [were] available to [him] for drug treatment" and "the benefit of Drug Court." The district court further found that Bolen "refuse[d] to report" to his probation officer and "just continue[d] to use drugs." Finding that Bolen was not "amenable to probation, that [Bolen would] be successful, or that further probation [was] in [Bolen's] best interest," the district court ordered his probation revoked and imposed his underlying sentence.

ANALYSIS

Bolen contends on appeal that the district court abused its discretion when it revoked his probation and imposed the underlying prison sentence. Specifically, Bolen argues that "alternative dispositions were more appropriate . . . ." In response, the State contends that the district court did not abuse its discretion either in revoking Bolen's probation or in requiring him to serve his underlying sentence. The State argues that Bolen has failed to show that no reasonable person would have taken the position taken by the district court.

At the outset, we note that the district court could revoke Bolen's probation under K.S.A. 22-3716(c)(9)(B) without considering any alternative sanctions. As such, the only question before us is whether the district court abused its discretion. See *State v. Lumley*, 25 Kan. App. 2d 366, 370, 963 P.2d 1238 (1998). A district court's action is an abuse of discretion only if (1) no reasonable person would take the view adopted by the trial court; (2) the decision is based on an error of law; or (3) the decision is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). Based on our review of

3

the record on appeal, we find no abuse of discretion in this case. Instead, we conclude that the district court's decision was reasonable under the circumstances presented.

We do not agree with Bolen's premise that the district court "completely failed to consider [his] individual circumstances, specifically his need for drug treatment, which was better available in the community." After hearing the evidence presented by the State at the probation revocation hearing, the district court found that Bolen had "been given numerous opportunities on treatment"—including "the benefit of Drug Court." The district court also found that despite being given these opportunities, Bolen "refuse[d] to report to [his] supervising officer, and [he] just continue[d] to use drugs." Thus, the district court found in this case—as well as in the prior case in which he was still serving probation—that Bolen was not "amenable to probation . . . or that further probation is in [his] best interest."

A review of the record supports the district court's findings that Bolen tested positive for narcotics while on probation in two separate cases and that he failed to report to his community corrections officer as required. Moreover, Bolen admitted to violating the terms of his probation in both cases. We find that more than sufficient evidence was presented at the hearing upon which a reasonable person could conclude that Bolen had shown that he was not amenable to probation and that he should be required to serve his underlying criminal sentence in this case.

Affirmed.

4