NOT DESIGNATED FOR PUBLICATION

Nos. 121,494
121,495

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DIEGO BRICENO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed July 31, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: In early 2018, Diego Briceno pled guilty to one count each of aggravated assault, criminal threat, and criminal possession of a weapon. Based on an agreement between the parties, the State joined Briceno in asking for a downward dispositional departure to probation. The court complied with their request and sentenced Briceno to 43 months' incarceration but granted a dispositional departure to probation, subject to certain conditions.

1

Then in June 2019, Briceno admitted he violated several conditions of his probation. He admitted to breaking the law by possessing marijuana. After hearing this, the court found that Briceno had violated the conditions of probation and revoked his probation. The court then reduced his controlling prison sentence to 24 months and sent him to prison. Briceno timely appealed the revocation of his probation.

We review probation revocation for an abuse of discretion. *Swope v. Musser*, 223 Kan. 133, 136, 573 P.2d 587 (1977). It is up to the party alleging abuse of discretion to prove it. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). To show an abuse of discretion, a party must show that the court's decision was:

- arbitrary, facial, or unreasonable;

- based on an error of law; or

- based on an error of fact.

*State v. Moore*, 302 Kan. 685, 692, 357 P.3d 275 (2015). The court's action is unreasonable and thus an abuse of judicial discretion when no reasonable person would take the same view. *State v. Ransom*, 288 Kan. 697, 715, 207 P.3d 208 (2009).

The court's discretion, however, is limited by K.S.A. 2018 Supp. 22-3716(c), providing that the court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence. But the court can revoke probation without intermediate sanctions if the offender commits a new felony or misdemeanor. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Briceno argues that revoking probation without intermediate sanctions was unreasonable. In other words, that no reasonable person would have acted in the same way as the district court. We are not persuaded that this is so. Briceno's new crime allowed the court to revoke his probation without intermediate sanctions. The court revoked Briceno's probation after he violated several conditions of probation:  being in

2

the company of gang members, testing positive for cocaine, and possessing marijuana. After considering these violations and Briceno's criminal history, the court decided to revoke his probation. We do not see this revocation as unreasonable.

While the court could have imposed intermediate sanctions, it was not legally obliged to because of Briceno's new crime. Refusing to impose an intermediate sanction was not beyond the scope of reasonable action based on these violations. We, therefore, affirm the district court's decision to revoke Briceno's probation and impose a modified prison sentence.

Affirmed.