NOT DESIGNATED FOR PUBLICATION

No. 123,405

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICOLE LENAE HAYS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed February 4, 2022. Reversed and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Thomas R. Stanton*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., POWELL and ISHERWOOD, JJ.

PER CURIAM: Nicole Lenae Hays pleaded guilty to drug possession, drug distribution, and firearm possession charges in February 2017. The district court awarded Hays a downward dispositional departure to probation for 36 months with an underlying prison term of 160 months. After Hays tested positive for drugs on several occasions, the State moved to revoke her probation, and Hays stipulated to the violations. The district court revoked Hays' probation and ordered her to prison. On appeal, Hays argues the district court erred in imposing her underlying prison term without first ordering intermediate sanctions as mandated by K.S.A. 2014 Supp. 22-3716(c). Under the facts here, the district court was required to either impose a sanction in response to Hays'

1

probation violation prior to ordering her to serve her prison term or make particularized findings explaining why the safety of the community or Hays' welfare justified a deviation from the sanction structure. Thus, Hays' case is reversed and remanded with directions to conduct a new probation violation hearing where either a sanction is imposed, or the proper findings can be made if warranted.

FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2015, the State charged Hays with four counts of drug distribution felonies, one drug possession felony, one drug possession misdemeanor, and one count of criminal possession of a firearm by a felon. Following extensive negotiations and a case consolidation, Hays opted to plead guilty to seven drug-related felonies, one gun possession charge, and four drug-related misdemeanors.

Based on Hays' convictions and criminal history, she was presumptively bound for prison, but moved for a dispositional departure. In support of her request, Hays highlighted her cooperation with federal investigators throughout the preceding year and that she received probation in her federal case. She also asserted that probation was appropriate given that she successfully remained drug and alcohol free since her arrest, completed drug treatment, and recently gave birth to a new baby. At sentencing, Hays' attorney reiterated that she had turned a corner and avoided drugs since her arrest. Her counsel also addressed Hays' federal probation term and advised the court that Hays "provided substantial assistance to the [federal] authorities." When afforded the opportunity to respond, the State commented that cooperation with federal authorities did not equate with cooperation in Reno County, and that Hays did not help federal agents make new cases, she simply provided a truthful account concerning her own actions. The State then called Eddy Padron, a sergeant with the Wichita Police Department, to testify that Hays did not provide any assistance to local law enforcement officers following her arrest. The State argued that Hays simply failed to establish that she deserved a

2

dispositional departure. Counsel for Hays insisted she had moved beyond her addiction and told the court, "If you want to run everything consecutive that's how confident I am you're not going to see her again because she's been doing so well."

The district court personally addressed Hays and advised that it took her actions very seriously. The judge informed her that based on the fact that she had, for a period, undertaken every measure necessary to change her behavior, it would give her "one chance" at probation, but only one. He granted Hays 36 months' probation with an underlying sentence of 160 months. Following pronouncement of sentence, the State implored the court, "based on their request that she be given one opportunity I would ask the court to find that H.B. 2170 does not apply in this case," referring to the legislation that would become K.S.A. 2014 Supp. 22-3716. See H.B. 2170 (2013). The court agreed to find "H.B. 2170 doesn't apply."

The State later moved to revoke Hays' probation and alleged that she tested positive for methamphetamines eight times, twice admitted to using methamphetamines, and failed to report to her probation officer as directed. At the revocation hearing, Hays stipulated to the violations and the court revoked her probation. Hays' attorney informed the court that her federal probation had likewise been revoked and therefore she would serve 19 months in federal prison. Her attorney also argued that given Hays would be drug-free during that time, she would have a chance to overcome her addiction, obviating the need for more clean time in state prison. The State responded that Hays did not cooperate with local authorities, and she once again succumbed to drug addiction. It argued that she should be ordered to serve her prison term because she was a convicted, armed drug dealer who presented a danger to the public.

In response to the parties' arguments, the district court commented that it was essentially faced with the choice of a 160-month controlling sentence or a 60-day

sanction with reinstatement to probation. Following a review of Hays' crimes, the court stated:

> "The dispositional departure that I granted over the State's objection, apparently those allegations were not true. I'm not saying that [Hays' trial counsel] misled the court but I think Ms. Hays realized or should have realized that [her counsel] is saying things that weren't true so I'm not going to follow the Community Corrections recommendation. I'm not going to give her the 60 day sanction. I'm going to modify the sentence [and] run the two sentences concurrent . . . ."

The district court opted to impose a modified prison term over an intermediate sanction.

Hays filed a late notice of appeal, which would normally preclude review of her case. See *State v. Dwyer*, 56 Kan. App. 2d 848, 851, 439 P.3d 338 (2019) ("The timely filing of a notice of appeal ordinarily is jurisdictional."). But she filed a motion for relief under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), and cited her attorney's failure to correctly file her notice of appeal with the district court via e-file. Hays requested that this court remand her case to the district court for an evidentiary hearing to determine whether she was entitled to relief. The State did not file a response. This court deemed a remand unnecessary because the materials Hays provided successfully established that she was entitled to relief in accordance with *Ortiz*. We retained the appeal.

ANALYSIS

DID THE DISTRICT COURT ERR WHEN IT IMPOSED HAYS' PRISON SENTENCE WITHOUT FIRST USING THE SANCTION STRUCTURE MANDATED BY K.S.A. 2014 SUPP. 22-3716(C)?

Hays argues K.S.A. 2014 Supp. 22-3716(c) required the district court to impose intermediate sanctions for her probation violations before it ordered her to serve her prison sentence. Despite this court's order awarding Hays *Ortiz* relief, the State contends

4

that we should dismiss the case because Hays filed her appeal out of time. The State further claims that the district court was free to impose the full prison sentence because Hays requested only "one chance" at probation, misled the court at sentencing, and is a danger to public safety under K.S.A. 2014 Supp. 22-3716(c)(9).

The parties agree that an abuse of discretion review is appropriate here. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). An abuse of discretion occurs when judicial action: (1) is arbitrary, fanciful, or unreasonable; (2) is based in an error of law; (3) or is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Hays, as the party asserting an abuse of discretion occurred, bears the burden of establishing such abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

### a. This court's jurisdiction

Hays filed her notice late and moved for *Ortiz* relief, which allows this court to retain an out-of-time appeal if a defendant: (1) was not informed of the right to appeal at sentencing or by counsel; (2) was indigent and not furnished counsel to perfect an appeal; or (3) was furnished counsel for that purpose who failed to perfect and complete an appeal. *Ortiz*, 230 Kan. at 735-36; see *Albright v. State*, 292 Kan. 193, 198, 251 P.3d 52 (2011). In an order filed in December 2020, this court granted relief without remand and retained Hays' appeal.

The State filed its brief 10 months after our order was filed, yet still argued that this court lacks jurisdiction to hear Hays' appeal and should dismiss it. It contends: "No motion to file the appeal out of time has been filed in the district court, and the defendant has made no arguments to this Court that would excuse the untimely filing of the notice of appeal." This is not accurate. Our order makes clear that this court has jurisdiction over Hays' appeal.

5

*b. The district court may not abrogate K.S.A. 2014 Supp. 22-3716(c).*

K.S.A. 2014 Supp. 22-3716(c) provides that the district court may only impose a probationer's underlying prison sentence if it has previously imposed intermediate sanctions for probation violations. Hays argues the court acted in direct contravention of the statute's directive when it bypassed available intermediate sanctions and immediately imposed a modified underlying prison sentence. The State contends the district court did not have to follow the intermediate sanctions provision of K.S.A. 2014 Supp. 22-3716(c) because it previously "placed [Hays] on notice that violations of her community corrections assignment would place her in jeopardy of having the sentence executed."

Once a probation violation is established, K.S.A. 2014 Supp. 22-3716(c) requires the district court to impose intermediate sanctions unless the probationer commits a new crime, absconds from supervision, or presents a danger to themselves or the public. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). At the time relevant to Hays' case, these intermediate sanctions included modifications to the conditions of probation, a 2- or 3-day jail sanction, and a 120- or 180-day prison sentence. K.S.A. 2014 Supp. 22-3716(c)(1)(A), (B), (C) and (D). Absent particularized findings that a statutorily enumerated exception applies, courts may only order probationers to serve their full underlying prison sentence after they have imposed the graduated intermediate sanctions outlined in the statute.

The State directs us to an exchange at the sentencing hearing in support of its claim that the statutory scheme should not apply to Hays. The point highlighted by the State reflects that Hays' attorney asked the district court to "grant her a single opportunity" on probation. The district court responded that it would give Hays "one chance." The prosecutor then requested that the court enter a finding that K.S.A. 2014 Supp. 22-3716(c) did not apply "based on [Hays'] request that she be given one opportunity." The court honored the State's request.

6

The district court's abrogation of the clear statutory command has no basis in law. K.S.A. 2014 Supp. 22-3716(c) provides a framework, with few exceptions, in which a district court must impose intermediate sanctions before it reaches for the defendant's full underlying prison sentence. In *State v. Delaney*, No. 116,723, 2017 WL 3575628 (Kan. App. 2017) (unpublished opinion), the district court similarly found it did not need to follow the intermediate sanctions provisions of K.S.A. 2016 Supp. 22-3716(c) because it was concerned about the defendant's lengthy criminal history. On appeal, this court determined that the district court "clearly acted arbitrarily and capriciously in refusing to follow clear and unambiguous Kansas statutory law." 2017 WL 3575628, at *2. So too here, the district court erred by crafting an exception to the statute. In so doing, it committed a mistake of law that constituted an abuse of discretion.

### c. The record does not support a finding that Hays misled the court.

The State also argues the district court properly imposed Hays' underlying sentence because at sentencing she misrepresented the favorable progress she had made in her drug rehabilitation journey, and cites *Andrews v. State*, 11 Kan. App. 2d 322, Syl. ¶ 1, 720 P.2d 227 (1986), as support for its conclusion. In that case, a panel of this court held that a district court may impose an underlying prison sentence when the sentencing court granted a defendant probation based on misrepresentations he or she made to their sentencing judge. 11 Kan. App. 2d at 323-24. See also *State v. Lumley*, 267 Kan. 4, 8-9, 977 P.2d 914 (1999) (affirming the *Andrews* rule).

This theory is flawed. First, *Andrews* is distinguishable as it dealt with the 1985 version of K.S.A. 22-3716, which did not require district courts to impose graduated sanctions for probation violations. 11 Kan. App. 2d at 324; K.S.A. 1985 Supp. 22-3716(2). Rather, the statute gave district courts the option to impose a defendant's full underlying prison sentence following a single probation violation. Similarly, the *Lumley* court analyzed a version of K.S.A. 22-3716 that did not mandate intermediate sanctions.

7

267 Kan. at 8. Thus, under the older versions of the statute, Kansas courts held that misleading the district court constituted a probation violation sufficient to expose a defendant to his or her full prison sentence. But even if Hays' statements or omissions did give rise to a probation violation, the only available sanctions under K.S.A. 2014 Supp. 22-3716(c) were modifications to the conditions of her probation and short-term jail stints.

The record reflects that the district court never found that Hays lied at her sentencing hearing. At that time, Hays' attorney told the court that she graduated from drug treatment, secured employment at Sonic, consistently reported to her federal probation officer, and passed drugs tests. It was not until roughly one year later that Hays stipulated to drug-related violations of her probation. The district court implied that Hays misled her attorney and the court because she should have known that she would be unable to remain drug-free during her probation, but this is not necessarily true. It is plausible that Hays was drug-free at sentencing and intended to remain so but suffered an unfortunate relapse during her probation. This falls well shy of *Andrews*, when the court found that Andrews lied about his previous felony convictions. 11 Kan. App. 2d at 323-24. And since the State did not present evidence that Hays lied to or misled the court about her drug rehabilitation progress, revocation on that basis is improper. See *State v. Dunham*, 58 Kan. App. 2d 519, 528-29, 472 P.3d 604 (2020) (stating probation violations must be established by preponderance of evidence).

### d. Application of K.S.A. 2014 Supp. 22-3716(c)(9)

Under K.S.A. 2014 Supp. 22-3716(c)(9), courts may bypass intermediate sanctions for probation violations "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." The State argues this exception enables us to affirm imposing Hays' prison sentence because at Hays' initial

8

sentencing hearing and again at her probation revocation hearing, the district court commented on the danger attendant to drug dealing.

But the district court's comments on Hays' dangerousness are inadequate to support revocation on these grounds. To invoke the exception, the court is required to set forth its public safety or offender welfare findings with particularity. That is, it must explicitly address how use of an intermediate sanction would jeopardize the public safety or the offender's welfare. *State v. Duran*, 56 Kan. App. 2d 1268, 1272-73, 445 P.3d 761 (2019). In *Duran*, the district court imposed the defendant's full sentence under (c)(9) because he was "'likely to obtain new probation violation matters based on repeat behaviors,'" including drug use. 56 Kan. App. 2d at 1275. The defendant argued, "'if courts are allowed to make an offender welfare finding based on the likelihood that a person addicted to drugs is going to relapse, then (c)(9) would swallow up the graduated sanctions system.'" 56 Kan. App. 2d at 1276. The panel agreed and found that broad generalizations which could apply equally to all similarly situated offenders are not sufficiently particularized to satisfy the rigors of K.S.A. 2018 Supp. 22-3716(c)(9)(A). 56 Kan. App. 2d at 1276.

It cannot be said that the district court here made sufficiently particularized findings regarding Hays' danger to the community or herself. To the contrary, at the revocation hearing, the court merely recounted the details of Hays' crimes. It never articulated any findings about the danger accompanying her future drug use. The court never mentioned K.S.A. 2014 Supp. 22-3716(c)(9) or uttered the words "danger," "safety," "jeopardy," or "welfare." Instead, the court seemingly simply followed through on its earlier promise to afford Hays precisely "one chance." But as the *Duran* panel wrote: "'[r]egardless of whether a judge has threatened previously to revoke a defendant's probation if there are any violations, the legislature has clearly chosen to limit the court's ability to follow through on such a threat' by legislating a scheme of intermediate sanctions." 56 Kan. App. 2d at 1276.

*e. The exception from intermediate sanctions when probation is the product of a dispositional departure is unavailable under the facts here.*

Finally, the State argues for the first time on appeal that the district court properly bypassed the statute's intermediate sanction requirement because Hays' received probation as the product of a downward dispositional departure at her initial sentencing. That bypass mechanism was unavailable to the court here because that exception did not yet exist at the time Hays committed her original crimes. The dispositional departure exception "applies only to probationers whose offenses or crimes of conviction occurred on or after July 1, 2017." *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020). Hays committed her crimes in 2015 and, as such, was well outside the window of applicability for this exception.

The district court abused its discretion when it revoked Hays' probation and ordered her to serve a modified underlying prison sentence without first imposing an intermediate sanction or making sufficiently particularized findings to explain why a sanction was not appropriate. As a result, Hays' case is reversed and remanded with directions for the district court to conduct a new revocation hearing in compliance with K.S.A. 2014 Supp. 22-3716.

Reversed and remanded with directions.