NOT DESIGNATED FOR PUBLICATION

No. 129,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB STRONG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Opinion filed January 30, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Jacob Strong appeals the revocation of his probation and the imposition of the prison sanction of his suspended sentence. We have granted his request for a resolution of this case under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48) and consider the matter without the benefits of briefing.

In compliance with a plea agreement, Strong pled guilty to making a criminal threat. The sentencing court granted a dispositional departure to probation for 12 months with a 17-month prison sentence. Later, when Strong admitted to violating the terms of his probation, his intensive supervision officer recommended a "quick dip" jail sanction and termination of his probation. The defense counsel asked the district court to follow this recommendation or consider reinstating his probation. Defense counsel told the court

1

that Strong had completed anger management, had completed a defensive driving class, had finished a cognitive skills class, paid his costs and fees, and had not violated the no-contact order.

Nonetheless, the district court revoked Strong's probation and imposed his prison sentence.

If a probation violation is proven by a preponderance of the evidence, revocation and imposition of the prison sentence are within the sound discretion of the district court, subject to statutory limitations. The court's decision can only be reversed if no reasonable person would have reached the same conclusion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

Strong has failed to present us any compelling facts that show an abuse of discretion by the district court. See *Swope v. Musser*, 223 Kan. 133, 136-37, 573 P.2d 587 (1977). Strong was granted a dispositional departure sentence, so the district court was not required to impose a jail sanction. See K.S.A. 22-3716(c)(7)(B). And Strong violated the terms of his probation by continuing to use illegal drugs and committing new crimes.

With these facts, the district court was free to impose the defendant's prison sentence. The district court exercised its sound discretion here. We find no abuse of discretion.

Affirmed.